SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
UNITEDHEALTHCARE BENEFITS PLAN OF
CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE STAPLETON,<br><br>                    Plaintiff,<br><br>              v.<br><br>UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA,<br><br>                    Defendant. | Case No. 2:24-cv-03738-DAD-AC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Action Removed: December 26, 2024<br><br>Date: March 12, 2025<br>Time: 10:00 a.m.<br>Place: Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, Courtroom 26, 8th floor<br><br>[*Filed concurrently with Request for Judicial Notice, and [Proposed] Orders*] |

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that on March 12, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Judge Allison Claire of the above-entitled Court, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, Defendant UnitedHealthcare Benefits Plan of California ("UHBP") moves this Court to dismiss with prejudice Plaintiff's Complaint as preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

UHBP bases its motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations in Support, Request for Judicial Notice and exhibits thereto, the pleadings in this action, and such other materials and evidence as may be presented to the Court.

Plaintiff's Complaint should be dismissed because she challenges the reimbursement of benefits under a health benefits plan governed by ERISA. Plaintiff's state law claims and requests for damages are preempted by ERISA §§ 502 and 514.

UHBP respectfully requests that this Court dismiss Plaintiff's claims *with prejudice*.[1] To the extent Plaintiff's claims are not dismissed in full, UHBP alternatively seeks an order striking Plaintiff's requests for extracontractual and punitive damages.

DATED:  January 30, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By:*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

Attorneys for Defendant
UNITEDHEALTHCARE BENEFITS PLAN
OF CALIFORNIA

---

[1] UHBP reserves all rights to seek attorneys' fees and costs under ERISA.

2

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

With Plaintiff Jackie Stapleton's ("Stapleton") Complaint, she challenges UnitedHealthcare Benefits Plan of California's ("UHBP") decision related to a partial denial of benefits for an ambulance ride. At all relevant times, Plaintiff participated in an ERISA-governed[2] health benefits Plan.[3] Rather than challenging UHBP's decision by bringing an ERISA § 502(a)(1)(B) claim for benefits, Plaintiff chose to bring state law claims for damages. However, Supreme Court and Ninth Circuit precedent confirms that Plaintiff's Complaint is expressly preempted based upon ERISA's "expansive" preemption provisions "which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 200 (2004).

*First*, Plaintiff's claims are completely preempted by ERISA § 502(a) because she meets both prongs of the *Davila* test: (1) Plaintiff, a participant of an ERISA-governed health plan, could have brought her claim for benefits under ERISA § 502(a)(1)(B); and (2) no independent legal duty is implicated by UHBP's alleged denial of Plaintiff's claim for benefits. Rather, Plaintiff's Complaint exists only because of UHBP's administration of an ERISA-regulated benefit plan. This is exactly the type of benefits claim in the garb of state law tort, held to be completely preempted by ERISA § 502(a). Under established precedent, Plaintiff's Complaint should be dismissed as preempted under § 502(a).

*Second*, Plaintiff's claims are also conflict preempted by ERISA § 514, as her claims are premised on the existence of the ERISA Plan, and the existence of the ERISA Plan is essential to Plaintiff's claims' survival. In reality, Plaintiff's Complaint is a challenge to UHBP's administration of Plan's benefits. The recent Ninth Circuit decision *Bristol SL Holdings, Inc. v. Cigna Health and Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. 2024), confirms that Plaintiff's Complaint is conflict preempted under ERISA § 514(a) and should be dismissed.

To the extent Plaintiff's Complaint is not dismissed with prejudice, the Court should strike Plaintiff's requests for extracontractual and punitive damages. Simply, those damages are not allowable

---

[2] "ERISA" means the Employee Retirement Income Security Act of 1974.

[3] "Plan" shall mean the ERISA-governed health benefits plan sponsored by KPG Healthcare, LLC, and administered by UHBP. (Declaration of Jane Stalinski in Support of Defendant's Notice of Removal, ¶¶ 4-5.)

1

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

pursuant to established Supreme Court precedent.

## II.     BACKGROUND AND "FACTUAL" ALLEGATIONS

On around April 28, 2023, Plaintiff filed her "Claim and Order to Go to Small Claims Court" ("Complaint") in the Superior Court of California, County of San Joaquin.  (Compl., p. 1.)  Plaintiff claims UHBP owes her $10,000 because it "refuses to pay for a necessary, required, and covered ambulance ride in the amount of $3,356.34." (*Id.*, p. 2.)  Plaintiff also notes that her unpaid bill has accrued interest of $649.21.  (*Id.*)  She contends that she has paid a paralegal "$1,000 to write letters and research the requirement to pay." (*Id.*)  Plaintiff also alleges that she is entitled to emotional distress damages in the amount of "$5,000," because "this insurance company has caused me many sleepless nights and emotional distress." (*Id.*)  Plaintiff further asks for "an additional $5,000 in compensation for [UHBP's] refusal to do their job and as punitive damages." (*Id.*)

Plaintiff contends that the events that give rise to her Complaint took place on July 1, 2022.  (*Id.* at p. 3.)  Plaintiff adds that she calculates "damages" as follows:

> I added up my direct costs, that of the unpaid ambulance ride; the now accumulated interest the ambulance company is charging me; the cost to pay a paralegal to write letters and research the legal issue.  Given how completely irresponsible the insurance company is being and how sick I was trying to fight them, I also included money for emotional distress and pain and suffering plus punitive damages.

(*Id.* at p. 3.)

## III.     ARGUMENT

### A.     Standard Of Review

Motions to dismiss are an "important mechanism for weeding out meritless claims" in ERISA cases. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014).  To survive a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts must accept facts alleged in the complaint, the Court need not "accept as true allegations that

2

contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

The Ninth Circuit authorizes courts to consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (citations omitted). Courts may also take judicial notice of matters of public record outside the pleadings. *MCIG Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of webpage printouts). And fundamentally, courts are permitted to consider ERISA plan documents, even on a motion to dismiss, when plaintiff refers to them in the complaint. *See Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 943 n.1 (9th Cir. 2008).

**B.     Plaintiff's Complaint Is Preempted By ERISA.**

ERISA contains "expansive" preemption provisions "which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Davila*, 542 U.S. at 200. There are two types of preemption under ERISA: (1) "complete preemption under § 502(a); and (2) "conflict preemption" under § 514(a). *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Plaintiff's Complaint is subject to preemption under both § 502(a) and § 514(a).

1.     Plaintiff's Complaint is Completely Preempted By ERISA

ERISA's "comprehensive legislative scheme" includes "an integrated system of procedures for enforcement." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985) (internal quotation marks omitted). This integrated enforcement mechanism, ERISA § 502(a), 29 U.S. C. § 1132(a), is a distinctive feature of ERISA, and essential to accomplish Congress's purpose of creating a comprehensive statute for the regulation of employee benefit plans. *Davila*, 542 U.S. at 208. As the Supreme Court stated in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987):

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others

3

under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*Id.* at 54.

Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted. *See Davila*, 542 U.S. at 208. Established Supreme Court and Ninth Circuit precedent holds that "[a] state claim is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin Gen. Hosp.*, 581 F.3d at 946 (quoting *Davila*, 542 U.S. at 210). Plaintiff's Complaint satisfies both prongs.

### a.    Plaintiff's Complaint Satisfies Prong One

"As to the first prong of *Davila*, generally only a beneficiary or participant in an ERISA plan can bring a civil action to enforce certain rights under the plan." *Orthopedic Specialists of S. Cal. v. ILWU-PMA Welfare Plan*, 2013 WL 4441948, at *4 (C.D. Cal. 2013) (citing 29 U.S.C. § 1132(a)). Under the plain language of ERISA, Plaintiff has independent standing to seek recovery under ERISA § 502(a)(1)(B). With Plaintiff's Complaint, she is suing to enforce rights that are provided by ERISA. *See Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1110 (9th Cir. 2011). That is enough to bring a suit within the scope of ERISA § 502(a). Because Plaintiff "could have brought [her] claim under ERISA § 502(a)[]," the first prong of *Davila* is satisfied. *See Marin Gen.*, 581 F.3d at 946.

### b.    Plaintiff's Complaint Satisfies Prong Two

To apply the second part of *Davila's* § 502(a) preemption test, the Court must determine whether the state-law claims "arise independently of ERISA or the plan terms." *Davila*, 542 U.S. at 212. In other words, the Court must ask whether or not an "independent legal duty . . . is implicated by [the] defendant's actions." *Id.* at 210. This question requires a practical, rather than a formalistic, analysis because "[c]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of state law tort." *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225 (9th Cir. 2005) (quoting

4

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 983 (9th Cir. 2001)).  As the *Davila* Court warned, "distinguishing between pre-empted and non-preempted claims based on the particular label affixed to them would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA simply by relabeling their . . . claims."  *Davila*, 542 U.S. at 214  (internal quotation marks omitted).

Consistent with this practical approach, the Supreme Court has held that § 502(a) preempts various state laws that, at first glance, appear to be independent of ERISA.  For example, in *Davila*, the Supreme Court addressed a state law that imposed a duty on insurers to use ordinary care when making medical treatment decisions.  542 U.S. at 204-06.  The Supreme Court rejected the court of appeal's reasoning that the plaintiff "request[ed] tort damages arising from an external, statutorily imposed duty of ordinary care."  *Id.* at 206 (internal citations omitted).  Instead, the Supreme Court refused to "elevate form over substance," and held the state-law cause of action merely duplicated rights and remedies available under ERISA, and therefore was preempted.  *Id.* at 214; *see also Cleghorn*, 408 F.3d at 1226 (holding that state-law statutory claim was completely preempted under *Davila* because "the factual basis of the complaint . . . was the denial of reimbursement of plan benefits to Cleghorn"); *see also Fossen*, 660 F.3d at 1111 (finding state-law HIPAA claim was identical to federal-law HIPAA claim, and although purportedly separate and distinct from ERISA, that it "falls squarely within the ambit" of federal HIPAA); *see also Pilot Life Ins. Co.*, 481 U.S. at 41 (finding that a "bad faith" claim for improper processing of benefits under an ERISA-regulated plan was preempted)[4].  Claims that are conflict-preempted by § 502(a) fail on the merits.  *See, e.g.*, *Cleghorn*, 408 F.3d at 1227.

Plaintiff claims that UHBP "refuses to pay for a necessary, required, and covered ambulance ride in the amount of $3,356.34," and asserts $10,000 in damages related to UHBP's allegedly wrongful denial.  (Compl., p. 2.)  In essence, Plaintiff contends that UHBP breached the terms of the Plan by failing to reimburse what she contends is owed for the ambulance ride.  (*See id.*)  She further alleges state law damages including compensatory damages and punitive damages due to UHBP's alleged

---

[4] Moreover, the Ninth Circuit has consistently and repeatedly held that state law claims for breach of the implied covenant of good faith and fair dealing under California law are preempted by the expansive scope of ERISA, and are not excepted from that preemption under the ERISA saving clause.  *See, e.g.*, *McBride v. PLM Int'l, Inc.*, 179 F.3d 737, 744-45 (9th Cir. 1999); *Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003, 1007-08 (9th Cir. 1998).

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

failure to properly pay her Plan benefits.

Here, as in *Davila*, *Cleghorn*, and *Fossen*, Plaintiff's claim "'exist[s] here only because of [UHBP's] administration of ERISA-regulated benefit plans.'" *See Fossen*, 660 F.3d at 1111 (citing *Cleghorn*, 408 F.3d at 1226). This is exactly the type of benefits claim "in the garb of a state law tort," that the Ninth Circuit has held to be completely preempted by ERISA. *Id.* The factual basis of Plaintiff's claim is the denial of reimbursement of plan benefits to Plaintiff. *See Cleghorn*, 408 F.3d at 1226. There is no independent legal duty that arises outside of the ERISA Plan or its terms. Because Plaintiff's claim against UHBP is conflict-preempted by § 502(a), it fails on the merits.

2.    Plaintiff's Complaint is Conflict Preempted under ERISA

Alternatively, Plaintiff's Complaint is also conflict preempted under ERISA § 514(a). "There are two strands to ERISA's powerful preemptive force." *Cleghorn*, 408 F.3d at 1225. Defensive preemption, also known as express or conflict preemption, also applies here to bar Plaintiff's state law claim. *See Toumajian v. Frailey*, 136 F.3d 648, 654-55 (9th Cir. 1998) (explaining that when a state law claim "relates to" an ERISA plan, "the defendant has a defense of 'conflict preemption'") (citation omitted). "Section 514(a) of ERISA provides that the Act 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'" *Olson v. Gen. Dynamics Corp.*, 960 F.2d 1418, 1420 (9th Cir. 1991) (quoting 29 U.S.C. § 1144(a)). The phrase "State laws" includes state common law causes of action. *Pilot Life Ins. Co.*, 481 U.S. at 47; *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 713 (9th Cir. 1990).

Generally speaking, a common law claim 'relates to' an employee benefit plan governed by ERISA 'if it has a connection with or reference to such a plan.'" *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (citation omitted). "In evaluating whether a common law claim has 'reference to' a plan governed by ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient 'reference' exists to support preemption." *Id.* (citations omitted). In sum, "when a plaintiff's state law claim is in reality a challenge to the administration of ERISA plan benefits, it is preempted and may not proceed." *Bristol SL*, 103 F.4th at 602 (9th Cir. 2024) (citations omitted).

In *Bristol SL*, the Ninth Circuit recently held that the plaintiff's claims were preempted because

6

they both had a "reference to" and an "impermissible connection with" ERISA plans administered by the defendant. *Bristol SL*, 103 F.4th 597, 602 (9th Cir. 2024).  There, the plaintiff brought state law breach of contract and promissory estoppel claims against an insurance company to recover reimbursements after the defendant withheld payment upon discovering that plaintiff was engaged in impermissible fee-forgiving. *Id.* at 599.  The plaintiff alleged that the defendant breached independent contractual obligations that arose from previous verification of benefits phone calls. *Id.* at 604.

The Ninth Circuit held that the plaintiff's state law claims had a "reference to" ERISA benefit plans because, when the healthcare provider called the defendant to verify patient benefits, "the context of this communication concerned whether reimbursement was available under the ERISA plans that [defendant] administer[ed]." *Id.* at 603.  Thus, the Ninth Circuit held that the plaintiff was "attempting t secure plan-covered payments discussed via phone through the alternative means of state contract law," and as such, plaintiff's claims were "ERISA benefits claim[s] in the garb of [] state law." *Id.* (citing *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 983 (9th Cir. 2001)).

The Ninth Circuit also held that the plaintiff's state law claims had an "impermissible connection" with an ERISA plan because allowing the plaintiff's state law claims to proceed would "unduly intrude on a 'central matter of plan administration,' namely [defendant]'s overarching system of verifying out-of-network coverage and authorizing treatment by phone, while later conditioning reimbursement on whether a medical provider has secured the proper financial contributions from plan participants." *Id.* at 604 (citing *Depot*, 915 F.3d at 666.)  The plaintiff's state law claims would also impermissibly interfere with nationally uniform plan administration because, if insurers were bound to representation made during verification of benefit and authorization calls, "benefits would be governed not by ERISA and the plan terms, but by innumerable phone calls and their variable treatment under state law." *Id.* at 605.

Here, Plaintiff challenges UHBP's reimbursement of benefits under the ERISA Plan.  By Plaintiff's own allegations, she has in essence asserted a claim that "seek[s] a certain level of benefits" under the Plan terms. *Joanou v. Coca-Cola Co.*, 26 F.3d 96, 99 (9th Cir. 1994).  Against this backdrop, Plaintiff's Complaint cannot survive.  Her state law claim for benefits and extracontractual damages are fundamentally claims for benefits under ERISA, and thus they are conflict preempted under ERISA §

7

514(a).  Plaintiff's claim for "proper payments" depends not only on the existence of the ERISA Plan, but is specifically contingent on the Plan's terms and reimbursement methodology.  Because Plaintiff's Complaint "relates to" the administration and enforcement of the ERISA Plan, it is preempted by ERISA.  *See, e.g.*, *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992) (holding that § 514(a) preempted the state-law claims because they "spring from the handling and disposition of [a] medical benefits insurance claim").

Courts routinely find that when a claim is dependent on the existence of an ERISA plan, it is preempted.  *See Korman v. ILWU-PMA Claims Off.*, 2019 WL 1324021, at *15 (C.D. Cal. Mar. 19, 2019).  Similar to *Korman*, Plaintiff's "requested relief under the state law cause[] of action is the payment of the claims Defendant denied."  *Id.*; *see also Sender v. Franklin Res., Inc.*, 2011 WL 5006460, at *17 (N.D. Cal. Oct. 20, 2011) (dismissing claims as preempted because "although Plaintiff's claim is not dependent on interpreting the terms of the ERISA plan, it is dependent on the existence of the ERISA plan and required distribution of benefits from that plan"); *Wise v. Verizon Commc'ns Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010); *Josef K. v. Cal Physicians' Serv.*, 2019 WL 2342245, at *3 (N.D. Cal. June 3, 2019).

Plaintiff's Complaint also unduly intrudes with nationally uniform plan administration.  The Plan contains specific procedures to file a claim, and procedures which govern disputing a claim pursuant to the Plan's own internal administrative appellate process.  (*See* RJN; Stalinski Decl., ¶¶ 4-5, Plan at p. 84.)  Challenging the denial of benefits through state law remedies, instead of the Plan's administrative appellate process and ERISA § 502(a)(1)(B), interferes with nationally uniform plan administration.  *See Bristol SL*, 103 F.4th at 604.

Because Plaintiff's claim against UHBP "relates to" an ERISA plan, it is preempted and should be dismissed.

## IV.    PLAINTIFF'S REQUEST FOR EXTRACONTRACTUAL, COMPENSATORY AND PUNITIVE DAMAGES SHOULD BE STRICKEN.

ERISA does not permit recovery of extracontractual, compensatory and punitive damages.  *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) ("[T]he statutory provision explicitly authorizing a beneficiary to bring an action to enforce his rights under the plan . . . says nothing about

8

the recovery of extracontractual damages . . . ."); *Bast*, 150 F.3d at 1009, as amended (Aug. 3, 1998) ("Extracontractual, compensatory and punitive damages are not available under ERISA."); *Sokol v. Bernstein*, 803 F.2d 535 (9th Cir. 1986) (holding that ERISA § 502(a)(3) does not allow for extracontractual damages, including damages for emotional distress) (abrogated on other grounds by *Dytrt v. Mountain States Tel. & Tel. Co.*, 921 F.2d 889 (9th Cir. 1990)).  Here, Plaintiff requests reimbursement for $1,000 for paying a paralegal to write letters and research the requirement to pay. (Compl., p. 2.)  She further requests $5,000 in punitive damages, and interest.  (*Id.* at pp. 2-3.)

Because Plaintiff's remedies are limited to those set forth in ERISA, the request for extracontractual, compensatory and punitive damages, including Plaintiff's claims for damages related to emotional distress, should be stricken.

## V.    CONCLUSION

UHBP respectfully requests that Plaintiff's Complaint be dismissed.  If Plaintiff's Complaint is not dismissed with prejudice, then UHBP respectfully requests that the Court strike Plaintiff's requests for extracontractual, compensatory and punitive damages.  *See Mass. Mut. Life Ins. Co.*, 473 U.S. at 148.

DATED:  January 30, 2025

Respectfully submitted,

SEYFARTH SHAW LLP


By:*/s/ Kathleen Cahill Slaught*
    Kathleen Cahill Slaught

    Attorneys for Defendant
    UNITEDHEALTHCARE BENEFITS PLAN
    OF CALIFORNIA

9

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2025, I caused the a copy of the foregoing to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

MOTION TO DISMISS PLAINTIFF'S COMPLAINT