SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
UNITEDHEALTHCARE BENEFITS PLAN OF
CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE STAPLETON,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA,<br><br>          Defendant. | Case No. 2:24-cv-03738-DAD-AC<br><br>**NOTICE OF ERRATA RE: NOTICE OF REMOVAL FILING** |

PLEASE TAKE NOTICE that Defendant UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA ("Defendant") filed its Notice of Removal of Action ("Notice of Removal") at Dkt. 1, along with a copy of Plaintiff's Complaint attached thereto as Exhibit A, on December 26, 2024.  (Dkt. 1.)  In drafting Defendant's Motion to Dismiss Plaintiff's Complaint, Defendant learned that due to a technical error, Defendant inadvertently attached with its Notice of Removal a copy of Plaintiff's Complaint that had text missing.  Defendant hereby submits this Notice of Errata, with a correct copy of Plaintiff's Complaint, attached hereto as Exhibit 1.

DATED:  January 30, 2025                          SEYFARTH SHAW LLP

By: /s/ *Kathleen Cahill Slaught*
　　　Kathleen Cahill Slaught

Attorneys for Defendant
UNITEDHEALTHCARE BENEFITS PLAN
OF CALIFORNIA

2

NOTICE OF ERRATA

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 30, 2025, I caused the a copy of the foregoing to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

NOTICE OF ERRATA

# EXHIBIT 1

## SC-100

### Plaintiff's Claim and Order to Go to Small Claims Court

APR 2 8 2023

Filed _____
BRANDON E. RILEY, CLERK

By _/aJeandebien_____
DEPUTY

**Notice to the person being Sued:**

- You are the Defendant if your name is listed in ② on page 2 of this form or on form SC-100A. The person suing you is the Plaintiff, listed in ① on page 2.
- You and the Plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case. If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

**Aviso al Demandado:**

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario, o en el formulario SC-100A. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso. Si pierde el caso la corte podriá ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

**Superior Court of California, County of:**
San Joaquin
180 E Weber Avenue
180 E Weber Avenue
Stockton, CA 95202

**Case Number:**
STK-CV-SC-2023-0004533
**Case Name:**
Jackie Stapleton vs UnitedHealthCare Benefits Plan of California

### Order to Go to Court

**The people in ① and 2 must attend court:** (*Clerk fills out section below.*)

| Trial Date | Date | Time | Department | Name and address of court if different from above |
|---|---|---|---|---|
| | 07/19/2023 | 1:30 PM | 3A | |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

Date: 04/28/2023                    Clerk: _Danielle Jeandebien_____ ,Deputy

**Instructions for the person suing:**

> **Do not use this form to recover COVID-19 rental debt,** which is unpaid rent or other financial obligation under a tenancy between due between March 1, 2020, and September 30, 2021 (See Code of Civil Procedure, §1179.02.) To recover COVID-19 rental debt, use form *SC-500, Plaintiff's Claim and ORDER to Go to Small Claims Court.*

- You are the Plaintiff. The Person you are suing is the Defendant.
- **Before** you fill out this form, read form *SC-100-INFO, Information for the Plaintiff,* to know your rights. You can get form SC-100-INFO at any courthouse or county law library, or go to *www.courts.ca.gov/smallclaims/forms.*
- **Fill out pages 2, 3, and 4 of this form.** Make copies of all pages of this form and any attachments - one for each party named in this case and an extra copy for yourself. Take or mail the original and the copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above. Your court may allow electronic filing. Check your local court website for information *www.courts.ca.gov/find-my-court.htm*
- You must have someone at least 18 – not you or anyone else listed in the case – give each Defendant a court-stamped copy of all pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See forms SC-104, SC-104B, and SC-104C.
- **Go to court on your trial date listed above.** Bring witnesses, receipts, and any evidence you need to prove your case.

---

**Plaintiff's Claim and ORDER
to Go to Small Claims Court**

SC- 100 Page 1

Plaintiff *(list names):*

**Jackie Stapleton**

| Case Number: |
|---|
| STK-CV-SC-2023-0004533 |

**① The plaintiff (the person, business, or public entity that is suing) is:**

Name: _____ Phone: _____

Street address: _____
        *Street*                    *City*      *State*    *Zip*

Mailing address *(if different):* _____
                   *Street*              *City*      *State*    *Zip*

Email address *(if available):* _____

**If more than one plaintiff, list next plaintiff here:**

Name: _____ Phone: _____

Street address: _____
        *Street*                     *City*      *State*    *Zip*

Mailing address *(if different):* _____
                   *Street*              *City*      *State*    *Zip*

Email address *(if available):* _____

☐ *Check here if more than two plaintiffs and attach form*
☐ *Check here if either plaintiff listed above is doing business under a fictitious name and attach form*
☐ *Check here if any plaintiff is a "licensee" or "deferred deposit originator" (payday lender) under Financial Code sections 23000 et seq.*

**② The defendant (the person, business, or public entity being sued) is:**

Name: _____ Phone: _____

Street address: _____
        *Street*                     *City*      *State*    *Zip*

Mailing address *(if different):* _____
                   *Street*              *City*      *State*    *Zip*

**If the defendant is a corporation, limited liability company, or public entity, list the person or agent authorized for service of process here:**

Name: _____ Job title, if known: _____

Address: _____
      *Street*                     *City*      *State*    *Zip*

☐ *Check here if your case is against more than one defendant and attach form*
☐ *Check here if any defendant is on active military duty and write defendant's name here:* _____

**③ The plaintiff claims the defendant owes $ _____ .** *(Explain below and on next page.)*
*(Note: A claim for COVID-19 rental debt cannot be made on this form. Use form*

a. Why does the defendant owe the plaintiff money?

_____
_____
_____
_____
_____
_____

Plaintiff *(list names):*

**Case Number:**
STK-CV-SC-2023-0004533

Jackie Stapleton

**3** b.  When did this happen? *(Date):* _____

If no specific date, give the time period:  *Date started:* _____  *Through:* _____

c.  How did you calculate the money owed to you? *(Do not include court costs or fees for service.)*

_____

_____

_____

_____

☐ *Check here if you need more space. Attach one sheet of paper or form         and write "SC-100, Item 3" at the top.*

**4** **You must ask the defendant (in person, in writing, or by phone) to pay you before you sue. If your claim is for possession of property, you must ask the defendant to give you the property. Have you done this?**

☐ Yes      ☐ No      If no, explain why not:

_____

_____

_____

_____

**5** **Why are you filing your claim at this courthouse?**

**This courthouse covers the area** *(check the one that applies):*

a. ☐ (1) Where the defendant lives or does business.
       (2) Where the plaintiff's property was damaged.
       (3) Where the plaintiff was injured.

(4) Where a contract (written or spoken) was made, signed, performed, or broken by the defendant *or* where the defendant lived or did business when the defendant made the contract.

b. ☐ Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim, is about an offer or contract for personal, family, or household goods, services, or loans. (Code Civ. Proc., § 395(b).)

c. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about a retail installment contract (like a credit card). (Civ. Code, § 1812.10.)

d. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle is permanently garaged, if this claim is about a vehicle finance sale. (Civ. Code, § 2984.4.)

e. ☐ Other *(specify):* _____

_____

**6** **List the zip code of the place checked in ⑤ above** *(if you know):* _____

**7** **Is your claim about an attorney-client fee dispute?** ☐ Yes      ☐ No

*If yes, and if you have had arbitration, fill out form SC-101, attach it to this form, and check here:* ☐

**8** **Are you suing a public entity?** ☐ Yes      ☐ No

*If yes, you must file a written claim with the entity first.* ☐ A claim was filed on *(date):* _____

*If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.*

Rev. November 1, 2021  **Plaintiff's Claim and ORDER to Go to Small Claims Court**  **SC-100,** Page 3 of 6

→

Plaintiff *(list names):*

Jackie Stapleton

| Case Number: |
| --- |
| STK-CV-SC-2023-0004533 |

**(9) Have you filed more than 12 other small claims within the last 12 months in California?**
☐ Yes    ☐ No    *If yes, the filing fee for this case will be higher.*

**(10) Is your claim for more than $2,500?**    ☐ Yes    ☐ No
*If you answer yes, you also confirm that you have not filed, and you understand that you may not file, more than two small claims cases for more than $2,500 in California during this calendar year.*

**(11) I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

I declare under penalty of perjury under the laws of the State of California that the information above and on any attachments to this form is true and correct.

Date: _____

_____
*Plaintiff types or prints name here*

▶ _____
*Plaintiff signs here*

Date: _____

_____
*Second plaintiff types or prints name here*

▶ _____
*Second plaintiff signs here*



### Requests for Accommodations
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the trial. For these and other accommodations, contact the clerk's office for form                    (Civ. Code, § 54.8.)



# SC-100   Information for the defendant (the person being sued)

**"Small claims court"** is a special court where claims for $10,000 or less are decided. Individuals, including "natural persons" and sole proprietors, may claim up to $10,000. Corporations, partnerships, public entities, and other businesses are limited to claims of $5,000. (See below for exceptions.*) The process is quick and cheap. The rules are simple and informal. You are the *defendant*—the person being sued. The person who is suing you is the *plaintiff*.

**Do I need a lawyer?** You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

**How do I get ready for court?** You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and evidence that support your case. And read "Be Prepared for Your Trial" at

**What if I need an accommodation?** If you have a disability or are hearing impaired, fill out form                     Give the form to your court clerk or the ADA/Access Coordinator.

**What if I don't speak English well?** Ask the court clerk as soon as possible for a court-provided interpreter. You may use form                         or a local court form to request an interpreter. If a court interpreter is unavailable for your trial, it may be necessary to reschedule your trial. You cannot bring your own interpreter for the trial unless the interpreter has been approved by the court as a certified, registered, or provisionally qualified interpreter. (See Cal. Rules of Court, rule 2.893, and form            .)

**Where can I get the court forms I need?** Go to any courthouse or your county law library, or print forms at

**What happens at the trial?** The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

**What if I lose the case?** If you lose, you may appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)

- If you were at the trial, file form                              You must file within 30 days after the clerk hands or mails you the judge's decision (judgment) on form            or form

- If you were *not* at the trial, fill out and file form                                            to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File form

For more information on appeals, see

**Do I have options?** Yes. If you are being sued you can:

- **Settle your case before the trial.** If you and the plaintiff agree on how to settle the case before the trial, the plaintiff must file form                                    or a written and signed settlement agreement with the clerk. Ask the Small Claims Advisor for help.

- **Prove this is the wrong court.** Send a letter to the court *before* your trial explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done so.)

- **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To have the court order a witness to go to the trial, fill out form            and have it served on the witness.

- **Sue the person who is suing you.** If you have a claim against the plaintiff, and the claim is appropriate for small claims court as described on this form, you may file *Defendant's Claim* (form         ) and bring the claim in this action. If your claim is for *more* than allowed in small claims court, you may still file it in small claims court if you give up the amount over the small claims value amount, or you may file a claim for the full value of the claim in the appropriate court. If your claim is for more than allowed in small claims court *and* relates to the same contract, transaction, matter, or event that is the subject of the plaintiff's claim, you may file your claim in the appropriate court and file a motion to transfer the plaintiff's claim to that court to resolve both matters together. You can see a description of the amounts allowed in the paragraph above, titled **"Small Claims Court."**

- **Agree with the plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.

- **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the plaintiff what he or she is asking for plus court costs. If this happens, the plaintiff can legally take your money, wages, and property to pay the judgment.

**What if I need more time?**
You can change the trial date if:
- You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial), *or*
- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county).

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out form            (or write a letter) and mail it to the court *and* to all other people listed on your court papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.

**?  Need help?**
Your county's Small Claims Advisor can help for free.

Or go to

* **Exceptions**: Different limits apply in an action against a defendant who is a guarantor. (See Code Civ. Proc., § 116.220(c).) Limits do not apply in an action to recover COVID-19 rental debt. (See Code Civ. Proc., §§ 116.223 & 1179.02; form SC-500.)



## SC-100    Información para el demandado (la persona demandada)

La **"Corte de reclamos menores"** es una corte especial donde se deciden casos por $10,000 o menos. Los individuos, o sea las "personas físicas" y los propietarios por cuenta propia, pueden reclamar hasta $10,000. Las corporaciones, asociaciones, entidades públicas y otras empresas solo pueden reclamar hasta $5,000. (Vea abajo para las excepciones.*) El proceso es rápido y económico. Las reglas son sencillas e informales. Usted es el Demandado—la persona que se está demandando. La persona que lo está demandando es el Demandante.

**¿Necesito un abogado?** Puede hablar con un abogado antes o después del caso. Pero no puede tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación de un caso de reclamos menores).

**¿Cómo me preparo para ir a la corte?** No tiene que presentar ningún documento antes del juicio, a menos que piense que ésta es la corte equivocada para su caso. Pero lleve al juicio cualquier testigos, recibos y pruebas que apoyan su caso. Y lea "Esté preparado para su juicio" en *www.courts.ca.gov/reclamosmenores/preparese*.

**¿Qué hago si necesito una modificación?** Si tiene una discapacidad o tiene impedimentos de audición, llene el formulario MC-410, *Solicitud de modificaciones para discapacidad*. Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

**¿Qué pasa si no hablo bien inglés?** Solicite un intérprete al secretario de la corte lo más pronto posible. Puede usar el formulario INT-300 o un formulario de su corte local. Si no está disponible un intérprete de la corte para su juicio, es posible que se tenga que cambiar la fecha de su juicio. No puede llevar su propio intérprete para el juicio a menos que el intérprete haya sido aprobado por la corte como un intérprete certificado, registrado, o provisionalmente calificado. (Vea la regla 2.893 de las Reglas de la Corte de California, y el formulario INT-140.)

**¿Dónde puedo obtener los formularios de la corte que necesito?** Vaya a cualquier edificio de la corte, la biblioteca legal de su condado, o imprima los formularios en www.courts.ca.gov/smallclaims/forms (página está en inglés).

**¿Qué pasa en el juicio?** El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

**¿Qué pasa si pierdo el caso?** Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)

- Si estuvo presente en el juicio, llene el formulario SC-140, *Aviso de apelación* (Notice of Appeal). Tiene que presentarlo dentro de 30 días después de que el secretario le entregue o envíe la decisión (fallo) del juez en el formulario SC-200 o SC-130, *Aviso de publicación del fallo* (Notice of Entry of Judgment).

- Si *no* estuvo en el juicio, llene y presente el formulario SC-135, *Aviso de petición para anular el fallo y Declaración* para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea *www.courts.ca.gov/reclamosmenores/apelaciones.*

**¿Tengo otras opciones?** Sí. Si lo están demandando, puede:

- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en cómo resolver el caso antes del juicio, el Demandante tiene que presentar el formulario CIV-110 Solicitud de desestimación (Request for Dismissal) o un acuerdo de resolución escrito y firmado al secretario de la corte. Pídale al Asesor de Reclamos Menores que lo ayude.

- **Probar que es la corte equivocada.** Envíe una carta a la corte *antes* del juicio explicando por qué cree que es la corte equivocada. Pídale a la corte que despida el reclamo. Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)

- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Si desea que la corte emita una orden de comparecencia para que los testigos vayan al juicio, llene el formulario SC-107, *Citatorio de reclamos menores* (Small Claims Subpoena) y entrégueselo legalmente al testigo.

- **Demandar a la persona que lo demandó.** Si tiene un reclamo contra el Demandante, y el reclamo se puede presentar en la corte de reclamos menores, tal como se describe en este formulario, puede presentar el formulario SC-120, *Reclamo del demandado* (Defendant's Claim) y presentarlo en este mismo caso. Si su reclamo excede el límite permitido en la corte de reclamos menores, puede igualmente presentarlo en la corte de reclamos menores si está dispuesto a limitar su reclamo al máximo permitido, o puede presentar un reclamo por el monto total en la corte apropiada. Si su reclamo excede el límite permitido en la corte de reclamos menores y está relacionado con el mismo contrato, transacción, asunto o acontecimiento que el reclamo del Demandante, puede presentar su reclamo en la corte apropiada y presentar una moción para transferir el reclamo del Demandante a dicha corte, para poder resolver los dos reclamos juntos. Puede ver una descripción de los montos permitidos en el párrafo anterior titulado "Corte de reclamos menores".

- **Aceptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos a plazos.

- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo.

**¿Qué hago si necesito más tiempo?** Puede cambiar la fecha del juicio si:

- No puede ir a la corte en la fecha programada (tendrá que pagar una cuota para aplazar el juicio), *o*
- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (ó 20 días si vive fuera del condado).

Pregúntele al secretario de reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-150 (o escriba una carta) y envíelo antes del plazo a la corte y a todas las otras personas que figuran en sus papeles de la corte. Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una exención.

 **¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.

O visite *www.courts.ca.gov/reclamosmenores/asesores.*

\* **Excepciones:** Existen diferentes límites en un reclamo contra un garante. (Vea el Código de Procedimiento Civil, sección 116.220 (c).) Los límites no se aplican a las acciones para reclamar una deuda de alquiler del COVID-19. (Vea el Código de Procedimiento Civil, secciones 116.223 y 1179.02; y el formulario SC-500.)