**Jackie Aubrey** (aka Jackie Stapleton), *Pro Se*
9439 North Saybrook Drive, #129
Fresno, CA  93720-0634
Tel: (415) 748-7499
Fax: (916) 970-9117
*Plaintiff Proceeding* **Pro Se**

**United States District Court**

**Eastern District of California**

| | |
|---|---|
| **Jackie Stapleton**, | Case No.:   2:24-cv-03738-DAD-AC |
| *Plaintiff,* | |
| *vs.* | **Request for Remand to California Small Claims Court** |
| **United Healthcare Benefits Plan of California,** | Date: **TBD** |
| *Defendant.* | Time: **TBD** |
| | Judge: **Hon. Allison Claire** |

*To the Honorable Court, Defendant, and its Counsel of Record:*

1.      I am Jackie Stapleton, the Plaintiff in this case. I am a nurse, not an attorney, but even a completely ignorant lay person such as myself  can easily see this is a small claims case that should be in a small claims court in California Superior Court in San Joaquin California. It never should have been removed. This farce should end and I ask the Court to remand the case back where it belongs.

**Argument**

Reason 1 —*Time for Removal Had Expired*

2.      As I understand my plain reading of 28 U.S. Code § 1446, a defendant needs to request the removal within 30 days of being served with the Complaint in the case. While United Healthcare Benefits Plan of California (hereinafter, "UHC") did their level best to avoid service, by listing the incorrect agent for service address with the California Secretary of State's Office (a mistake that remains to this day), they recognized service when they were given documents to

1

collect on the default judgment. The small claims court did, at UHC's request, set aside the default and set the matter for trial. At the hearing for the request to set aside, the court had both sides stipulate they were served with the complaint and ready to proceed. That happened on August 12, 2024, where the court's Minute Orders states, "Defendant waives irregularity of service" and "Parties waive notice." Please See Attachment 1.

3.       UHC argues they received notice of the Federal issue in settlement offer, dated December 4, 2024, thus resetting the clock on the time to ask for Removal. However, nothing in that settlement offer cites the claimed Federal issue of Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA"). In fact, nothing in the settlement offer cites Federal law in any way, shape, or form. All of the citations are to California State law. Moreover, the California law cited has to do with California law attempting to control insurance companies from precisely the kind of behavior demonstrated here: insurance companies abusing their money and power to delay cases and settlements.

4.       Additionally, UHC states it only discovered the issue in a settlement offer emailed on December 4, 2024. Please see Attachment 2. This was in a private settlement offer, which I understand is not admissible under Federal Rules of Evidence, Rule 408, which states, "Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction…furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim." Worse, the very same argument and an offer to settle was made on October 7, 2024. Please see Attachment 3. While the settlement amount changed, the arguments presented did not. Thus, UHC was well aware of the case and complaint long before the Notice of Filing Notice of Removal to Federal Court on December 24, 2024.

5.       Therefore, the request for removal came too late and the case should be remanded back to California Superior Court, Small Claims Division, for judication.

Reason 2 — *There Is Not a Federal Issue*

6.       Nothing in the Complaint from the small claims court cites ERISA, nor have I ever raised

the issue in any filing. Please see attachment 4. Heck, I didn't even know what ERISA was or anything about it, so how could I raise what I didn't know. My argument is UHC claims in the documents they sent me denying the claim that the ambulance ride at the heart of this case was undertaken by an out-of-network provider and, therefore, only 20% of the total cost should be covered. As Attachment 5 clearly shows, the code for the payment was "CO," code for out-of-network. The heart of my complaint is UHC misclassified the charge. Nothing in such a claim raises a Federal claim. I also suggest they should pay for an ambulance ride in a clear life-threatening emergency. I would have died if not for the care the ambulance crew provide on my way to the ER. For public policy reasons, insurance companies should not discourage the use of such critical care. People should be encouraged to summon life-saving help. California has now passed a state law that makes this public policy matter crystal clear, the California legislature, passed the No Surprises Act, Title I of the XXVII of the Public Health Service Act. This is only a partial step as it only forces insurance companies to pay the same for out-of-network transport as in-network coverage. Again, this is all California law and is not superseded by Federal law.

7.      Therefore, there is not a Federal issue justifying the removal and the case should be remanded back to California Superior Court, Small Claims Division, for adjudication.

*Reason 3 — Federal Court Is an Improper Forum*

8.      Even if the Court looks sidewise and squints to find the Federal issue, the issue remains too small. The claim is for payment for a $3,356.34 bill plus associated costs. At worst, small claims is limited to an award of $10,000. While such a sum looms large in my life right now, I doubt it pays the bill UHC is paying Seyfarth Shaw, LLP. It doesn't justify the resources and time of Federal Court to resolve. I believe the minimum amount for  diversity jurisdiction is $75,000. While the rules on diversity do not apply here, they certainly show the typical minimum amounts to gain the attention of a Federal court.

9.      Therefore, because the amount in dispute is so small, the case should be remanded back to California Superior Court, Small Claims Division, for judication.

*Reason 4 — The Remand Violated Federal Court Public Policy*

10.      The Federal courts have been working to limit cases that can be filed with them as a

matter of public policy. This concept is discussed in "Standing in the Way: The Courts' Escalating Interference in Federal Policymaking," *Harvard Law Review*, Volume 136, Issue 4, February 2023, 136 Harv. L. Rev. 1222., "For example, the Supreme Court has ruled that the federal judiciary's power does not extend to cases where the rights violation did not cause a sufficiently 'concrete' 'injury in fact' — a requirement that in recent years has become increasingly stringent and unpredictable." The article also stated, "The scope of cases excluded from federal court by the Court's developing standing rules depends entirely on how demanding those rules are." The number of Federal judges has not been increased since 1990, but cases filed have increased 30%. Please see: "Chronological History of Authorized Judgeships - District Courts" at https://www.uscourts.gov/about-federal-courts/about-federal-judges/authorized-judgeships/chronological-history-authorized-judgeships-district-courts#:~:text=1978%3A%20One%20additional%20judgeship%20created,486%2C%20October%2020%2C%201978.

11.     If Federal courts start taking on small claims cases with an essentially invisible Federal issues, their dockets will explode, particularly when insurance companies and other large, powerful corporations realize they can swamp a *pro se* plaintiff by removing the matter to Federal court. If insurance companies can claim ERISA applies in minor claim disputes without a strong showing of Federal applicability, all such cases will be removed and Federal will face thousands of additional cases. Over 100,000 new small claims court cases were filed in 2020 in California alone. If only 10% represent claims against insurance companies, that would 10,000 new Federal cases each year.

12.     Worse, there are not a sufficient number of Federal practice attorneys to take on these cases, nor are there the economics. There simply is not the money to pay Federal attorneys to handle small claims cases. The lack of any kind of attorney, those with state or Federal practice, to handle amounts as small as those found in small claims is why the small claims court was created in the first place. The whole point of small claims is to allow *pro se* plaintiffs and defendants to have their day in court, each telling the judge their side. Most trials last less than 15 minutes.

Request for Remand • Case No. 2:24-cv-03738-DAD-AC

13.     The plain and simple fact is this Court is not the forum for resolving this dispute.

14.     Should UHC be dissatisfied with the rough justice of small claims court, as the defendant, they can cheaply and easily appeal the matter to the Unlimited Division of California's Superior Court system. UHC's rights are fully protected.

15.     Therefore, as this Court is not the proper forum for resolution, I ask the Court to remand the case back to California Superior Court, Small Claims Division, for adjudication.

**Conclusion**

16.     This case was removed improvidently, without sufficient justification, outside of the time to do so, and is not the proper forum for resolution. Therefore, the case should be remanded back to California Superior Court, Small Claims Division, for adjudication.

//

I, Jackie Aubrey, aka Jackie Stapleton, declare under penalty of perjury under the laws of the United States of America the above is true and correct.


Dated this 7th of March, 2025


_____
Jackie Aubrey, Plaintiff

# Attachment 1

**Superior Court of California, County of San Joaquin**

## MINUTE ORDER

**Date:** 08/12/2024 01:30 PM                    **Case Number:** STK-CV-SC-2023-0004533
**Jackie Stapleton  vs  UnitedHealthCare**
**Benefits Plan of California**
**Event Type:** Motion to Vacate                    **Department:** 3B

---

**Appearances:** Presiding Judge: David E. French. Plaintiff, Jackie Stapleton, appears Pro Se. Defendant, UnitedHealthCare Benefits Plan of California, appears Pro Se. Also attending: Court Smart Court Reporter; mhiedeman Court Clerk.

---

Defendant present telephonically.

All parties and witnesses sworn.

Authorization to Appear form filed.

Stephen Stapleton is sworn and testifies on behalf of plaintiff.

Plaintiff is sworn and testifies on her own behalf.

Authorized Representative, Vicky Walberg, is sworn and testifies on behalf of defendant.

Matter submitted.

Motion to Vacate Judgment is granted.

Court Trial is scheduled at 1:30 PM on November 25, 2024  in Department 3B.

Defendant may appear telephonically.

Defendant waives irregularity of service.

Parties waive notice.

**Attachment 2**

**MacAdvisor@sbcglobal.net**    Case 1:25-cv-00351-JLT-SAB    Document 16    Filed 03/14/25    Page 7 of 17    **Saturday, December 28, 2024 at 13:01:22 Pacific Standard Time**

**Subject:** Stapleton v. UHC, STK-CV-SC-2023-0004533

**Date:**    Wednesday, December 4, 2024 at 3:59:20 PM Pacific Standard Time

**From:**    Stephen R. Stapleton <MacAdvisor@sbcglobal.net>

**To:**        Walberg, Vicky <vicky_walberg@uhc.com>

Mrs. Stapleton asked me to email you her correct mailing address. It is

> Jackie Stapleton
> 9439 N Saybrook Drive, #129
> Fresno CA 93720-0634

Your excuse for sending to the address you had on file is completely specious. First, you were notified of her change of address when it was filed with the court. It was sent to your Agent for Service at 5995 Plaza Drive, Cypress, CA 90630 exactly as is still state on the California Secretary of State's Office. As I write this email, it still indicates that is UHC's agent's address. It is wrong as a simple check your agent for service's website would inform you, the court address is to that street plus Suite 700. Without the suite number, the mail is delivered to an empty office on the first floor, not the agent's office on the seventh floor.

You have numerous documents from us filed with the court that indicate the above address. You also have my address, noted below, and instruction that I am acting as her agent for service. You emailed me the Certificate of Coverage, so you certainly know how to reach me.

UHC has done everything it could to delay this case. You somehow magically failed to receive service from your agent for service through the local office here in Sacramento, but then did manage to get it once we sought payment for the judgment. Two years have elapsed from the original trial date, almost two-and-a-have since the trigger incident, and you once again sought a delay. As a dog lover, I certainly sympathize, but I don't see the need to rush the execution of the dog such that it couldn't be delay an hour to have the case heard. Moreover, in an organization as large as UHC, I fail to understand how some other employee was not available to appear in your place. The Authorization to Appear on Behalf of Party, Form SC-109, could have been faxed directly to the judge's clerk along with a telephone call notifying him of the circumstances. Instead, you once again achieved delay.

Because of all of this, Mrs. Stapleton has directed me to research case law for her on seeking sanctions for unnecessary delay and for continuing to not properly file your agent of service address with the Secretary of state.

With these added legal research hours, my hours will put the accrued damages over $10,000, the maximum awardable under the rules for this case. Given you have already lost once and are absolutely certain to lose again, I once again renew Mrs. Stapleton's offer to settle for $8,000. She has missed five days of work so far and will now miss another. She is a nurse who earns $475 per shift. She has mileage as do I. There the service of process fees and other costs. This case has significant consequential damages. While you could appeal to the division for unlimited cases, the costs of attorney time and research costs would almost certainly exceed $8,000. Your delays have harassed Mrs. Stapleton who is doing her best to recover from the incident itself. You happily paid for hospital fees and costs for the emergency room visit, the two days in ICU, and several more in the general wing, an expense *far* exceeding the necessary ambulance cost, making Mrs. Stapleton a very appealing plaintiff, one that would appeal to the jury in the unlimited division, particularly in a place such as Stockton. Once moved to the unlimited civil division, the $10,000 limit would be removed, as I understand the matter, and Mrs. Stapleton could seek additional damages.

While I am not an attorney, I understand an insurance company's "belief that the policy does not provide coverage" is not a basis to refuse a reasonable settlement offer. (*Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498at 525.) Moreover, I believe the California Supreme Court has held an insurance company has a duty "to settle in an appropriate case although the express terms of the policy do not impose such a duty." (*Comunale v. Traders & General Insurance Co.* (1958) 50 Cal.2d 645.) It is not reasonable or good faith conduct for an insurance company to refuse to settle based on a "no coverage position." (Howard, supra, 187 Cal.App.4th at 531.)

The first rule of holes is, when you find yourself in one, quit digging. UHC is in a big, deep hole with this case. I urge you to cut your losses and settle with us. The offer remains good until the start of the New Year Pacific Time. What address would you like us to send materials to you, given the one of file with the SoS remains invalid?

Stephen R. Stapleton
4216 Weymouth Lane
Sacramento, CA  95823-3512
(916) 421-5577 home
(916) 516-2126 iPhone

The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**Subject:** Stapleton v. UnitedHealthCare, Case No. STK-CV-0004533

**Date:** Monday, October 7, 2024 at 2:57:05 PM Pacific Daylight Time

**From:** Stephen R. Stapleton <MacAdvisor@sbcglobal.net>

**To:** Vicky_Walberg@UHC.com <Vicky_Walberg@UHC.com>

Ms. Walberg:

I am writing you on behalf of my client, Jackie Stapleton, concerning the case Stapleton v. UnitedHealthCare in San Joaquin County, Case No. STK-CV-0004533.

This is an offer to settle. To date, your company has contended it is not responsible for paying the cost of the ambulance ride because it was out of network. However, the requirement for transportation within network is only applicable to non-emergency transport (please see: page 5 of UnitedHealthCare Commercial and Individual Exchange, Medical Policy, Non-Emergency Ambulance (Air and Ground, effective 10/1/2023). The ambulance use in question was a clear and unequivocal emergency as defined on page  3, ibid.

Ms. Stapleton's husband, when he came home from work, found her passed out on the floor of their home, laying in a pool of vomit, blood, urine, and feces, in a non-responsive state, unable to respond to inquiries. As any person would do, he immediately called 911, who sent an EMT/paramedic team, who began immediate medical treatment and transported her by ambulance to the nearest emergency room. She was admitted and spend 48 hours in the ICU following her being treated in the ER. Her life hung in the balance with approvals needed for procedures throughout the night and next few days. You have access to the medical records of this stay and can clearly see the condition of her arrival.

By any reasonable measure, Mr. Stapleton acted responsibly and the use of the ambulance was absolutely necessary, as Mrs. Stapleton's health appeared to be in serious jeopardy, with serious impairment of bodily functions, and serious dysfunction of any bodily organ or part, thus meeting the emergency definition on page 2, ibid.

Your denial of coverage is outrageous and, I firmly believe, an "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance" in violation of Cal. Ins. Code § 790.03(h)(1), (3), (4), (5), and (12). Moreover, as the attached photo showing the empty offices of 330 N. Brand Blvd, Glendale, California, clearly indicates an empty office unable to receive proof of service in violation Cal. Corp. Code § 1505. Your company lists that as its address for service 17 times on the Secretary of State's website. Even today, as I write this email, you continue to list that invalid address. I can only speculate how many valid claims have gone unpaid because of this duplicitous practice of listing an invalid address for service.

Given all of this, there simply isn't any doubt whatsoever your company will lose this case. Settlement is expeditious and a cost savings. More over, with settlement we will drop the case without obtaining a judgment; agree to not report the invalid address to the Secretary of State, thus subjecting your company to suspension; and agree to a confidentiality agreement as to the terms.

Ms. Stapleton was originally awarded $4,356.34 plus $75.00 court costs for a total of $4,431.34. Since that original judgment, she has incurred lost wages of $2,300, travel expenses of $326, and legal costs for research and other support of $2,200 for a new total of $9,557.34. I believe the court will happily add these new costs to its previous judgment, given the additional violations of law note above. Thus, we offer to settle now for payment of $7,500. That is a savings of $2,000 less than our of pocket expenses and some $2,400 less than what the judge may impose given all the costs and punitive

damages. Moreover, it will keep the matter from the Commissioner of the California Department of Insurance.

I hope we can settle this matter now before we had additional costs for travel and loss of wages. I look forward to your reply.


Stephen R. Stapleton
4216 Weymouth Lane
Sacramento, CA  95823-3512
(916) 421-5577 home
(916) 516-2126 iPhone

The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**Attachment 4**

## SC-100

# Plaintiff's Claim and ORDER to Go to Small Claims Court

*Clerk stamps date here when form is filed.*

### Notice to the person being sued:

- You are the defendant if your name is listed in ② on page 2 of this form or on form SC-100A. The person suing you is the plaintiff, listed in ① on page 2.
- You and the plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case. If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

### Aviso al Demandado:

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario, o en el formulario SC-100A. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso. Si pierde el caso, la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

*Fill in court name and street address:*

**Superior Court of California, County of**

San Joaquin
Small Claims Department
180 E Weber Ave., Suite 260
Stockton, CA 95202

*Court fills in case number when form is filed.*

**Case Number:**

Stapleton v. UnitedHealthcare

**Case Name:**

## Order to Go to Court

**The people in ① and ② must attend court:** *(Clerk fills out section below.)*

| Trial Date | Date | Time | Department | Name and address of court, if different from above |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

Date: _____ Clerk, by _____, Deputy

### Instructions for the person suing:

**Do not use this form to recover COVID-19 rental debt**, which is unpaid rent or other financial obligations under a tenancy due between March 1, 2020, and September 30, 2021. (See Code of Civil Procedure, §1179.02.) To recover COVID-19 rental debt, use form SC-500, Plaintiff™s Claim and ORDER to Go to Small Claims Court.

- You are the plaintiff. The person you are suing is the defendant.
- **Before** you fill out this form, read form SC-100-INFO, Information for the Plaintiff, to know your rights. You can get form SC-100-INFO at any courthouse or county law library, or go to *www.courts.ca.gov/forms.*
- **Fill out pages 2, 3, and 4 of this form**. Make copies of all the pages of this form and any attachments—one for each party named in this case and an extra copy for yourself. Take or mail the original and the copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above. Your court may allow electronic filing. Check your local court website for information: *www.courts.ca.gov/find-my-court.htm.*
- You must have someone at least 18—not you or anyone else listed in this case—give each defendant a court-stamped copy of all pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See forms SC-104, SC-104B, and SC-104C.
- **Go to court on your trial date listed above.** Bring witnesses, receipts, and any evidence you need to prove your case.

Judicial Council of California, *www.courts.ca.gov*
Rev. November 1, 2021, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq.,
116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER
to Go to Small Claims Court**

| Plaintiff *(list names):* | Case Number: |
|---|---|
| | Stapleton v. UnitedHealthcare |

**(1)** **The plaintiff (the person, business, or public entity that is suing) is:**

Name: Jackie Stapleton          Phone: (415) 748-7499

Street address: 172 West Viola Street     Mountain house     CA     95391
*Street*                                      *City*          *State*   *Zip*

Mailing address *(if different):* _____
*Street*                                      *City*          *State*   *Zip*

Email address *(if available):* NoWorriesJLR@yahoo.com

**If more than one plaintiff, list next plaintiff here:**

Name: _____          Phone: _____

Street address: _____
*Street*                                      *City*          *State*   *Zip*

Mailing address *(if different):* _____
*Street*                                      *City*          *State*   *Zip*

Email address *(if available):* _____

☐ *Check here if more than two plaintiffs and attach form SC-100A.*
☐ *Check here if either plaintiff listed above is doing business under a fictitious name and attach form SC-103.*
☐ *Check here if any plaintiff is a "licensee" or "deferred deposit originator" (payday lender) under Financial Code sections 23000 et seq.*

**(2)** **The defendant (the person, business, or public entity being sued) is:**

Name: UnitedHealthCare Benefits Plan of California     Phone: (800) 523-5800

Street address: 5995 Plaza Drive     Cypress     CA     90630
*Street*                                      *City*          *State*   *Zip*

Mailing address *(if different):* _____
*Street*                                      *City*          *State*   *Zip*

**If the defendant is a corporation, limited liability company, or public entity, list the person or agent authorized for service of process here:**

Name: 1505 Corporation, C T Corporation Systems     Job title, if known: _____

Address: 720 14th Street     Sacramento     CA     95814
*Street*                                      *City*          *State*   *Zip*

☐ *Check here if your case is against more than one defendant and attach form SC-100A.*

☐ *Check here if any defendant is on active military duty and write defendant's name here:* _____

**(3)** **The plaintiff claims the defendant owes $ 10,000.00** . *(Explain below and on next page.)*

*(Note: A claim for COVID-19 rental debt cannot be made on this form. Use form SC-500, Plaintiff™s Claim and ORDER to Go to Small Claims Court (COVID-19 Rental Debt).)*

a.  Why does the defendant owe the plaintiff money?

Company refuses to pay for a necessary, required, and covered ambulance ride in the amount of $3,356.34. The unpaid bill has accrued interest of 649.21. I have paid a paralegal $1,000 to write letters and research the requirement to pay. I have been gravely ill this whole time and this insurance company has caused me many sleepless nights and emotional distress, so I ask for an additional $5,000 in compensation for their refusal to do their job and as punitive damages.

| Plaintiff *(list names):* | Case Number: |
| | Stapleton v. UnitedHealthcare |

**3** b.   When did this happen? *(Date):* July 1, 2022

If no specific date, give the time period:  *Date started:* _____  *Through:* _____

c.   How did you calculate the money owed to you? *(Do not include court costs or fees for service.)*

I added up my direct costs, that of the unpaid ambulance ride; the now accumulated interest the ambulance company is charging me; the cost to pay a paralegal to write letters and research the legal issue. Given how completely irresponsible the insurance company is being and how sick I was trying to fight them, I also included money for emotional distress and pain and suffering plus punitive damages.

☐ *Check here if you need more space. Attach one sheet of paper or form MC-031 and write "SC-100, Item 3" at the top.*

**4** **You must ask the defendant (in person, in writing, or by phone) to pay you before you sue. If your claim is for possession of property, you must ask the defendant to give you the property. Have you done this?**

☒ Yes   ☐ No   If no, explain why not: _____

_____

_____

_____

**5** **Why are you filing your claim at this courthouse?**

**This courthouse covers the area** *(check the one that applies):*

a.   ☐   (1) Where the defendant lives or does business.        (4) Where a contract (written or spoken) was made,
            (2) Where the plaintiff's property was damaged.            signed, performed, or broken by the defendant *or*
            (3) Where the plaintiff was injured.                              where the defendant lived or did business when the
                                                                                            defendant made the contract.

b.   ☐   Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim, is about an offer or contract for personal, family, or household goods, services, or loans. (Code Civ. Proc., § 395(b).)

c.   ☐   Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about a retail installment contract (like a credit card). (Civ. Code, § 1812.10.)

d.   ☐   Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle is permanently garaged, if this claim is about a vehicle finance sale. (Civ. Code, § 2984.4.)

e.   ☒   Other *(specify):* Where the incident occurred.

_____

**6** **List the zip code of the place checked in ⑤ above** *(if you know):*  95391

**7** **Is your claim about an attorney-client fee dispute?** ☐ Yes   ☒ No

*If yes, and if you have had arbitration, fill out form SC-101, attach it to this form, and check here:* ☐

**8** **Are you suing a public entity?** ☐ Yes   ☒ No

*If yes, you must file a written claim with the entity first.* ☐ *A claim was filed on (date):* _____

*If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.*

---

| Plaintiff *(list names):* | Case Number: |
|---|---|
| | Stapleton v. UnitedHealthcare |

**(9) Have you filed more than 12 other small claims within the last 12 months in California?**
☐ Yes    ☒ No    *If yes, the filing fee for this case will be higher.*

**(10) Is your claim for more than $2,500?**    ☒ Yes    ☐ No
*If you answer yes, you also confirm that you have not filed, and you understand that you may not file, more than two small claims cases for more than $2,500 in California during this calendar year.*

**(11) I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

I declare under penalty of perjury under the laws of the State of California that the information above and on any attachments to this form is true and correct.

Date: April 28, 2023

Jackie Stapleton
*Plaintiff types or prints name here* _____ *Plaintiff signs here*

Date: _____

_____
*Second plaintiff types or prints name here* _____ *Second plaintiff signs here*

### Requests for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the trial. For these and other accommodations, contact the clerk's office for form MC-410, Disability Accommodation Request (Civ. Code, § 54.8.)

## SC-100    Information for the defendant (the person being sued)

**"Small claims court"** is a special court where claims for $10,000 or less are decided. Individuals, including "natural persons" and sole proprietors, may claim up to $10,000. Corporations, partnerships, public entities, and other businesses are limited to claims of $5,000. (See below for exceptions.*) The process is quick and cheap. The rules are simple and informal. You are the *defendant*—the person being sued. The person who is suing you is the *plaintiff*.

**Do I need a lawyer?** You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

**How do I get ready for court?** You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and evidence that support your case. And read "Be Prepared for Your Trial" at *www.courts.ca.gov/smallclaims/prepare.*

**What if I need an accommodation?** If you have a disability or are hearing impaired, fill out form *MC-410, Disability Accommodation Request*. Give the form to your court clerk or the ADA/Access Coordinator.

**What if I don't speak English well?** Ask the court clerk as soon as possible for a court-provided interpreter. You may use form *INT-300, Request for Interpreter (Civil)* or a local court form to request an interpreter. If a court interpreter is unavailable for your trial, it may be necessary to reschedule your trial. You cannot bring your own interpreter for the trial unless the interpreter has been approved by the court as a certified, registered, or provisionally qualified interpreter. (See Cal. Rules of Court, rule 2.893, and form *INT-140*.)

**Where can I get the court forms I need?** Go to any courthouse or your county law library, or print forms at *www.courts.ca.gov/forms.*

**What happens at the trial?** The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

**What if I lose the case?** If you lose, you may appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)

- If you were at the trial, file form *SC-140, Notice of Appeal.* You must file within 30 days after the clerk hands or mails you the judge's decision (judgment) on form *SC-200* or form *SC-130, Notice of Entry of Judgment.*
- If you were *not* at the trial, fill out and file form *SC-135, Notice of Motion to Vacate Judgment and Declaration,* to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File form *SC-140.*

For more information on appeals, see *www.courts.ca.gov/smallclaims/appeals.*

**Do I have options?** Yes. If you are being sued you can:

- **Settle your case before the trial.** If you and the plaintiff agree on how to settle the case before the trial, the plaintiff must file form *CIV-110, Request for Dismissal* or a written and signed settlement agreement with the clerk. Ask the Small Claims Advisor for help.

- **Prove this is the wrong court.** Send a letter to the court *before* your trial explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done so.)
- **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To have the court order a witness to go to the trial, fill out form *SC-107, Small Claims Subpoena and Declaration,* and have it served on the witness.
- **Sue the person who is suing you.** If you have a claim against the plaintiff, and the claim is appropriate for small claims court as described on this form, you may file *Defendant's Claim* (form *SC-120*) and bring the claim in this action. If your claim is for *more* than allowed in small claims court, you may still file it in small claims court if you give up the amount over the small claims value amount, or you may file a claim for the full value of the claim in the appropriate court. If your claim is for more than allowed in small claims court *and* relates to the same contract, transaction, matter, or event that is the subject of the plaintiff's claim, you may file your claim in the appropriate court and file a motion to transfer the plaintiff's claim to that court to resolve both matters together. You can see a description of the amounts allowed in the paragraph above, titled **"Small Claims Court."**
- **Agree with the plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.
- **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the plaintiff what he or she is asking for plus court costs. If this happens, the plaintiff can legally take your money, wages, and property to pay the judgment.

**What if I need more time?**
You can change the trial date if:
- You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial), *or*
- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county).

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out form *SC-150* (or write a letter) and mail it to the court *and* to all other people listed on your court papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.



**? Need help?**
Your county's Small Claims Advisor can help for free.

Or go to *www.courts.ca.gov/smallclaims/advisor.*

* **Exceptions**: Different limits apply in an action against a defendant who is a guarantor. (See Code Civ. Proc., § 116.220(c).) Limits do not apply in an action to recover COVID-19 rental debt. (See Code Civ. Proc., §§ 116.223 & 1179.02; form SC-500.)

## SC-100    Información para el demandado (la persona demandada)

La **"Corte de reclamos menores"** es una corte especial donde se deciden casos por $10,000 o menos. Los individuos, o sea las "personas físicas" y los propietarios por cuenta propia, pueden reclamar hasta $10,000. Las corporaciones, asociaciones, entidades públicas y otras empresas solo pueden reclamar hasta $5,000. (Vea abajo para las excepciones.*) El proceso es rápido y económico. Las reglas son sencillas e informales. Usted es el Demandado—la persona que se está demandando. La persona que lo está demandando es el Demandante.

**¿Necesito un abogado?** Puede hablar con un abogado antes o después del caso. Pero no puede tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación de un caso de reclamos menores).

**¿Cómo me preparo para ir a la corte?** No tiene que presentar ningún documento antes del juicio, a menos que piense que ésta es la corte equivocada para su caso. Pero lleve al juicio cualquier testigos, recibos y pruebas que apoyan su caso. Y lea "Esté preparado para su juicio" en *www.courts.ca.gov/reclamosmenores/preparese*.

**¿Qué hago si necesito una modificación?** Si tiene una discapacidad o tiene impedimentos de audición, llene el formulario MC-410, *Solicitud de modificaciones para discapacidad*. Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

**¿Qué pasa si no hablo bien inglés?** Solicite un intérprete al secretario de la corte lo más pronto posible. Puede usar el formulario INT-300 o un formulario de su corte local. Si no está disponible un intérprete de la corte para su juicio, es posible que se tenga que cambiar la fecha de su juicio. No puede llevar su propio intérprete para el juicio a menos que el intérprete haya sido aprobado por la corte como un intérprete certificado, registrado, o provisionalmente calificado. (Vea la regla 2.893 de las Reglas de la Corte de California, y el formulario INT-140.)

**¿Dónde puedo obtener los formularios de la corte que necesito?** Vaya a cualquier edificio de la corte, la biblioteca legal de su condado, o imprima los formularios en www.courts.ca.gov/smallclaims/forms (página está en inglés).

**¿Qué pasa en el juicio?** El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

**¿Qué pasa si pierdo el caso?** Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)

- Si estuvo presente en el juicio, llene el formulario SC-140, *Aviso de apelación* (Notice of Appeal). Tiene que presentarlo dentro de 30 días después de que el secretario le entregue o envíe la decisión (fallo) del juez en el formulario SC-200 o SC-130, *Aviso de publicación del fallo* (Notice of Entry of Judgment).

- Si *no* estuvo en el juicio, llene y presente el formulario SC-135, *Aviso de petición para anular el fallo y Declaración* para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea *www.courts.ca.gov/reclamosmenores/apelaciones*.

**¿Tengo otras opciones?** Sí. Si lo están demandando, puede:

- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en cómo resolver el caso antes del juicio, el Demandante tiene que presentar el formulario CIV-110 Solicitud de desestimación (Request for Dismissal) o un acuerdo de resolución escrito y firmado al secretario de la corte. Pídale al Asesor de Reclamos Menores que lo ayude.

- **Probar que es la corte equivocada.** Envíe una carta a la corte *antes* del juicio explicando por qué cree que es la corte equivocada. Pídale a la corte que despida el reclamo.Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)

- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Si desea que la corte emita una orden de comparecencia para que los testigos vayan al juicio, llene el formulario SC-107, *Citatorio de reclamos menores* (Small Claims Subpoena) y entrégueselo legalmente al testigo.

- **Demandar a la persona que lo demandó.** Si tiene un reclamo contra el Demandante, y el reclamo se puede presentar en la corte de reclamos menores, tal como se describe en este formulario, puede presentar el formulario SC-120, *Reclamo del demandado* (Defendant's Claim) y presentarlo en este mismo caso. Si su reclamo excede el límite permitido en la corte de reclamos menores, puede igualmente presentarlo en la corte de reclamos menores si está dispuesto a limitar su reclamo al máximo permitido, o puede presentar un reclamo por el monto total en la corte apropiada. Si su reclamo excede el límite permitido en la corte de reclamos menores y está relacionado con el mismo contrato, transacción, asunto o acontecimiento que el reclamo del Demandante, puede presentar su reclamo en la corte apropiada y presentar una moción para transferir el reclamo del Demandante a dicha corte, para poder resolver los dos reclamos juntos. Puede ver una descripción de los montos permitidos en el párrafo anterior titulado "Corte de reclamos menores".

- **Aceptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos a plazos.

- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo.

**¿Qué hago si necesito más tiempo?** Puede cambiar la fecha del juicio si:

- No puede ir a la corte en la fecha programada (tendrá que pagar una cuota para aplazar el juicio), *o*
- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (ó 20 días si vive fuera del condado).

Pregúntele al secretario de reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-150 (o escriba una carta) y envíelo antes del plazo a la corte y a todas las otras personas que figuran en sus papeles de la corte. Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una exención.

 **¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.

O visite *www.courts.ca.gov/reclamosmenores/asesores*.

**\* Excepciones:** Existen diferentes límites en un reclamo contra un garante. (Vea el Código de Procedimiento Civil, sección 116.220 (c).) Los límites no se aplican a las acciones para reclamar una deuda de alquiler del COVID-19. (Vea el Código de Procedimiento Civil, secciones 116.223 y 1179.02; y el formulario SC-500.)

BD-08121*02*065235-MO-22314-84006-AFCA 42SN

315LW128IMBBW0003011-04537-06

UnitedHealthcare Benefits Plan of California
RICHARDSON/SPRGFLD SRVC CNTR
PO BOX 30555
SALT LAKE CITY, UT 84130-0555
Phone: 1-866-633-2446

## UnitedHealthcare

November 10, 2022

Have more questions about your claim?
Visit **www.myuhc.com**
for all your claim and benefit information.

## Claim Detail for JACKIE STAPLETON

Provider: AMERICAN MEDICAL
Provider Status: Out of Network

Claim Number: DK8775055101

Patient Account Number: 4232769393800

| Date(s) of Service | Type of Service | Notes* | Amount Billed | Amount Not Owed | Amount Allowed | Your Plan Paid | Your Itemized Responsibility to Provider | | | | Amount You Owe** |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Deductible | Copay | Coinsurance | Non-Covered | |
| 07/01/2022 | AMBULANCE | CO | $3,448.38 | $0.00 | $742.47 | $742.47 | $0.00 | $0.00 | $0.00 | $2,705.91 | $2,705.91 |
| 07/01/2022 | AMBULANCE | CO | $758.70 | $0.00 | $108.27 | $108.27 | $0.00 | $0.00 | $0.00 | $650.43 | $650.43 |
| 07/01/2022 | ADJUSTMENT | OH | | $0.00 | | -$708.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Claim Total: | | | $4,207.08 | $0.00 | $850.74 | $141.78 | $0.00 | $0.00 | $0.00 | $3,356.34 | $3,356.34 |

**This total does not reflect any payments / copays you made at the time of service or purchase.
Please wait for a provider bill before making a payment.

otes*

ease note that appeal deadlines have been extended until further notice due to COVID-19. You should consult
ith your employer and visit the US Department of Labor website at dol.gov for more information and additional
otices about the deadline extensions and how they may apply to you.

-    WE RECEIVED MORE INFORMATION AND REPROCESSED THIS CLAIM. THE NEGATIVE DOLLAR AMOUNT SHOWN IS THE AMOUNT PREVIOUSLY
ID AND DOES NOT INDICATE AN OVERPAYMENT.

-    AN OUT-OF-NETWORK PROVIDER OR FACILITY PROVIDED THESE SERVICES. THE CLAIM WAS PROCESSED USING YOUR NETWORK BENEFITS.
U MAY BE RESPONSIBLE FOR PAYING THE DIFFERENCE BETWEEN WHAT THE FACILITY OR PROVIDER BILLED AND WHAT WAS PAID. THE NOT
OVERED AMOUNT MAY NOT APPLY TO YOUR ANNUAL OUT-OF-POCKET MAXIMUM.

1 -    THE PLAN DISCOUNT SHOWN IS YOUR SAVINGS FOR USING A NETWORK PROVIDER. THE AMOUNT YOU OWE MAY INCLUDE YOUR COPAY,
OINSURANCE, DEDUCTIBLE, PLUS ANY AMOUNT DUE IF YOU'VE REACHED YOUR BENEFIT LIMIT ON A COVERED SERVICE.

-    THIS SERVICE OR SUPPLY IS DENIED.  IT IS CONSIDERED PART OF ANOTHER SERVICE PERFORMED ON THE SAME DAY, OR IT IS NOT ALLOWED
AS A SEPARATE CHARGE.

You have the right to receive, upon request and free of charge, a copy of the internal rule, guideline or protocol that we relied upon in making the non-coverage decision
for your claim.

Use this EOB statement as a reference or retain as needed

Page 3 of 8

STD-EOB

