SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorney for Defendant
UNITEDHEALTHCARE BENEFITS PLAN OF
CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE STAPLETON,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA,<br><br>                    Defendant. | Case No. 2:24-cv-03738-DAD-AC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br> Action Removed: December 26, 2024<br><br>Date: [Vacated by Court at Dkt. 11]<br>Time: [Vacated by Court at Dkt. 11]<br>Place: Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, Courtroom 26, 8th floor |

UHBP[1] submits its reply brief in further support of its motion to dismiss Plaintiff's Complaint.

## I.   INTRODUCTION

Plaintiff's opposition does not address any of UHBP's arguments.  Instead, Plaintiff contends—without support—that there are "issues of law and fact still in dispute," rendering dismissal premature.  However, none of Plaintiff's cited concerns change the fact that her Complaint is preempted by ERISA and subject to dismissal, with prejudice.

*First*, Plaintiff incorrectly avers that UHBP is in default, and ignores the fact that this judgment was vacated because UHBP was never properly served.  UHBP is indisputably not in default, and the prior, vacated judgment has no bearing on Defendant's motion.

*Second*, Plaintiff fails to address the fact that her state law claims are preempted by ERISA. While UHBP appreciates that Plaintiff contends that UHBP incorrectly administered her claim for ambulatory benefits, if Plaintiff has any claims to bring, she must do so under 29 U.S.C. § 1132(a)(1)(B) of ERISA.  Plaintiff's claim is therefore completely preempted by ERISA because her allegations regarding an entitlement to benefits only exist because of the ERISA Plan.  Plaintiff's claims also are necessarily premised on the existence of the ERISA Plan, and the ERISA Plan is essential to her claims' survival.  Plaintiff's Complaint thus is subject to dismissal under ERISA §§ 502(a) and 514.

Therefore, Plaintiff's Complaint should be dismissed, with prejudice.

## II.   UHBP IS NOT IN DEFAULT

Plaintiff contends that she "won a default judgment against [UBHP] already in this case." (Dkt. 12, Pl.'s Opp'n at 6:14.)   It is true that judgment was entered against UHBP on November 29, 2023. (Dkt. 1, Notice of Removal, Ex. A at p. 21.)  However, UHBP filed a motion to vacate/cancel judgment because UHBP "[was] not properly served." (*Id.* at p. 23.)  Thereafter, on August 12, 2024, the court granted UHBP's motion to vacate judgment. (*Id.* at p. 30.)

The law is clear that a person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process. *See Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)).  Because Plaintiff failed to properly serve UHBP, the default judgment is void and has no res judicata effect in this action. *See Mason v. Genisco*

---

[1] Defined terms are ascribed their same meaning as in UHBP's moving brief. (Dkt. 5.)

*Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).  This is reflected by the order granting UHBP's motion to vacate judgment.  (Dkt. 1, Notice of Removal, Ex. A, at p. 30.)

### III.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY ERISA

Plaintiff does not contest the application of ERISA to the instant dispute, or any of Defendant's cited, on-point case law.  Plaintiff instead argues that she has "never heard of ERISA until UHC cited it as its reason for removal," and that she "never brought the matter up in court or in any filings."  (Dkt. 12; Pl.'s Opp'n at 3:20-21.)  She contends that this matter "is one of simple California law, public policy, contract law, and fairness."  (*Id.* at 3:19-20.)  Whether or not Plaintiff has ever heard of ERISA is irrelevant to the Court's analysis—whether ERISA preempts Plaintiff's state law claims for benefits under the ERISA Plan.  In essence, Plaintiff claims that UHBP "refuses to pay for a necessary, required, and covered ambulance ride in the amount of $3,356.34," and asserts $10,000 in damages related to UHBP's allegedly wrongful denial.  (Compl., p. 2.)  Plaintiff contends that UHBP breached the terms of the Plan by failing to reimburse what she contends is owed for the ambulance ride.  (*See id.*)

Simply put, Plaintiff's state law claim for reimbursement is a claim for "a certain level of benefits" under the ERISA Plan's terms.  *Joanou v. Coca-Cola Co.*, 26 F.3d 96, 99 (9th Cir. 1994). "[W]hen a plaintiff's state law claim is in reality a challenge to the administration of ERISA plan benefits, it is preempted and may not proceed."  *Bristol SL Holdings, Inc. v. Cigna Health and Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. May 31, 2024) (citations omitted).

ERISA's preemption provisions are "expansive," and "intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.' "  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 200 (2004).  As discussed in UHBP's Motion to Dismiss, (Dkt. 5), and for the sake of brevity, Plaintiff's claims fail because they are subject to both (1) "complete preemption" under § 502(a) and (2) "conflict preemption" under § 514(a) of ERISA.  *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).  Plaintiff addresses neither of these bases for dismissal in her Opposition.

Therefore, because Plaintiff's claim in her Complaint against UHBP is both completely and conflict preempted by ERISA, the Court should grant UHBP's motion to dismiss Plaintiff's Complaint, with prejudice.

///

REPLY IN SUPPORT OF MOTION TO DISMISS

## IV.    CONCLUSION

For the foregoing reasons, UHBP respectfully requests dismissal of Plaintiff's Complaint, with prejudice.  If Plaintiff's Complaint is not dismissed with prejudice, then UHBP respectfully requests that the Court strike Plaintiff's requests for extracontractual, compensatory and punitive damages.  *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985).

DATED: March 17, 2025                                      Respectfully submitted,

                                                                         SEYFARTH SHAW LLP

                                                                         */s/ Kathleen Cahill Slaught*
                                                                         Kathleen Cahill Slaught

                                                                         Attorneys for Defendant
                                                                         UNITEDHEALTHCARE BENEFITS PLAN OF CALIFORNIA

REPLY IN SUPPORT OF MOTION TO DISMISS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 17, 2025, I caused the a copy of the foregoing to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

REPLY IN SUPPORT OF MOTION TO DISMISS

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                                       ) SS

COUNTY OF )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On March 17, 2025, I served the within document(s):

**REPLY IN SUPPORT OF MOTION TO DISMISS**

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐  by delivering the document(s) listed above to Nationwide Legal, Inc., for delivery to the person(s) at the address(es) set forth below with instructions that such envelope be delivered personally on March 17, 2025.

☒  by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Jackie Stapleton                                     *Pro Per*
9439 North Saybrook Drive, #129
Fresno, CA 93720
Tel.: 415-748-7499

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on March 17, 2025, at Los Angeles, California.

                                                       _____
                                                           Paulin Kim