**Jackie Aubrey** (aka Jackie Stapleton), *Pro Se*
9439 North Saybrook Drive, #129
Fresno, CA  93720-0634
Tel: (415) 748-7499
Fax: (916) 970-9117
*Plaintiff Proceeding* **Pro Se**

**United States District Court**

**Eastern District of California**

| | |
|---|---|
| **Jackie Stapleton**, | Case No.:   2:24-cv-03738-DAD-AC |
| *Plaintiff,* | |
| *vs.* | **Response to Reply in Opposition to Motion to Dismiss** |
| **United Healthcare Benefits Plan of California,** | |
| *Defendant.* | Date: **TBD**<br>Time: **TBD**<br>Place: **Robert T. Matsui Courthouse**<br>Judge: **Hon. Allison Claire** |

*To the Honorable Court, Defendant, and its Counsel of Record:*

1.      I am Jackie Stapleton, the Plaintiff in this case, and respond to the Reply offered by United Healthcare Benefits Plan of California (hereinafter, "UHC") in the Motion to Dismiss.

**Introduction**

2.      My Opposition to the Motion to Dismiss specifically addressed UHC's arguments. I will, however, expand on them below to make them clear to defense counsel.

3.      *First*, nowhere do I "aver," or even state or suggest, UHC is currently in default. I did accurately state I had obtained a default judgment. That is obviously true from the record. The default was overturned, which is why they are not in default now, but ***not*** because UHC was improperly served, as defense council states, but because the California courts, particularly small claims, prefer to issue judgments based on the merits of the case, not technical service errors. (Please see: *Weitz v. Yankosky*, 63 Cal.2d 849, 855 (1966), "It is the policy of the law to favor, wherever possible, a hearing on the merits."

4.        UHC was properly served as Attachment 1, Proof of Personal Service—Civil, dated July 25, 2023. UHC was served at the office for their agent for service, C T Corporation System, at the agent's Sacramento office. UHC was served there because the address UHC, to this day, lists for the agent's office with the Secretary of State's Office, one in Glendale ***does not exist***. UHC lists "330 N Brand Blvd., Glendale  CA" as the address. (Please see: Attachment 2.) That office is an empty office space on the first floor in a large office complex. (Please see: Attachment 3.) The Attachment shows the windows covered with paper and empty space visible in the windows not covered. The actual address, as listed on the Agent for Services website (Please see: Attachment 4) is "330 N Brand Blvd., ***Suite 700***, Glendale  CA," accessible through a different entrance and on the seventh floor. We mailed a letter to the address and it came back as "undeliverable." (Please see Attachment 5.)

5.        The fact of this non-existent office address has been pointed out several time in the course of this case and the UHC representative at the motion to set aside default even promised to get the matter corrected, but the faulty listing remains even today when I checked as I wrote this Response.

6.        The Agent for Service also lists an office in Sacramento and that is where UHC was served. Somehow, they did not receive the Summons and Complaint from their Agent for Service, but did receive the service when the Agent was served the collection papers, that resulted in UHC finally showing up in court to contest the default judgment.

7.        Thus, my actual statement in the Opposition to the Motion to dismiss, "I won a default judgment against UHC already in this case" remains absolutely correct and true.

8.        Moreover, my point that the default was obtained due to a showing of a *prima facia* case also remains true. That another court has found a showing of a *prima facia* case supports my contention issues of law and fact remain.

9.        What I will aver is this stratagem of not providing an actual place to receive service of process is just one of the many tactics UHC uses to avoid paying what they owe. The tactic is called "Delay, Deny, and Defend." They denied my claim for an invalid reason, claiming it was for non-emergency transport when that wasn't the case. Then they delayed by pretending not to

receive the Summons and Complaint, then asking to set aside the resulting default, then asking for a continuance because the dog died. Now we come to the Defend part where they remove a small claims matter to Federal Court, pay one of the best law firms in San Francisco top dollar to keep me from getting my day in court, a court far from my home, all pretending there is some Federal issue when that is not the case. The transparently obvious goal of hauling a sick Plaintiff into a distant Federal court at several times the cost of her claim is make an example and greatly discourage people from having the company pay honest and legitimate claims, not to uphold ERISA.

10.   *Second*, I absolutely address the false ERISA issue, the bloody shirt UHC keeps waving.

11.   In my brief I cite three reasons ERISA is not applicable and not an issue in this case.

A.   <b>I Did Not Raise ERISA</b>

12.   The issue I brought up was the misclassification of the ambulance ride by UHC as a non-emergency transport. UHC making a mistake about classifying the type of medical care I received is not an ERISA issue. It is a classification issue. I used the documents they provided me to review their reason for not paying the claim. I am not claiming the contract is invalid or defective, only their analysis of the agreement.

13.   I have already submitted the document in my Opposition upon which I based my understanding of UHC contractual duty. The documents I included with my Opposition were the material UHC supplied me via their website for me as an employee with that coverage. It shows what non-emergency transport is and what it is not. My situation met the definition of emergency, UHC mis-coded the claim. That is the heart of my complaint and that does not fall under ERISA.

14.   UHC has now supplied another document they contend is the *real* plan, a document I have never seen until a year into this dispute, a document that mentions me anywhere within, but that UHC contends is more controlling than document the material they provided to me on their own website. I have never had the chance to challenge this new document, either in a trial or even in a discovery, nor examine the employee who conveniently swears it the real thing and to ignore all those other documents we provided.

15. Which plan's rules are applicable is in dispute. There needs to be fact finding as to what is the real rules of my actual plan are. However, what are the rules is not an ERISA issue, it is an issue of fact and it remains undecided.

16. Thus, an issue of fact remains in dispute.

### A.   The Issue Is Not an ERISA Issue

17. If the 175-page document provided by UHC is determinative, it is not the one provided to me when I originally disputed the findings on the claim, the matter could well be decided by the documents provided originally and UHC has liability under California's contract and insurance law. How they need to process claims and respond is governed by California law, not ERISA.

18. Moreover, if, *arguendo*, ERISA could have applied, the removal had to happen within thirty days of UHC's discovery of this fact. Assuming their contention is true and they never received the Summons and Complaint, they waived further notice and indicated in court they had obtained a copy of the Complaint as reflect in the San Joaquin County Small Claims Minute Order for August 12, 2024 (please see Attachment 6). They claim they didn't have notice of the alleged ERISA issue until December 4, 2024, when my ex-brother-in-law emailed on my behalf a settlement offer. However, he also emailed one on October 6, 2024, please see Attachment 7, that indicated the same claim and reasons to settle.

19. Therefore, this matter should not be dismissed, but remanded back down to small claims court in San Joaquin County Superior Court, as whether or not ERISA applies, the matter was removed to Federal court improvidently and this is not the improper forum.

### C.   ERISA Is Not Designed for This Kind of Dispute

20. ERISA was never designed to handle this kind of dispute where the money at issue is small, pitting an unrepresented person against a major law firm. The fact is crystal clear, UHC is not interested in honestly resolving this issue under the rules and facts of the case, but to bully me into just quitting. "AvMed and UnitedHealthcare tied for the highest denial rate, with both companies denying about a third of in-network claims," according to "Breaking down claim denial rates by healthcare payer" by Jacqueline LaPonte, Director of Editorial for TechTarget

(please see: https://www.techtarget.com/revcyclemanagement/feature/Breaking-down-claim-denial-rates-by-healthcare-payer#:~:text=Other%20insurance%20companies%20with%20the,%25)%20and%20Aetna%20(22%25). ) By the way, Kaiser Permanente has the lowest claim denial rate among major health insurance companies. The anger over the wanton denial of claims by UHC was a leading factor in the reprehensible assassination of their CEO. UHC is ruthless in denying claims and this case is an excellent example. At the very least, I should be allowed to hold UHC to account and test their evidence in discovery. What are the true applicable rules to settling my claims? What other similar claims has UHC approved or fought? Given UHC is obviously wrong in claiming my ambulance transport was a non-emergency matter, what other claims are they wrong on? Answers to that are found in discover, not a motion to dismiss.

### Conclusion

21.     There remain important issues of law and fact not settled by the record and discovery in this case, including the applicable plan rules. Moreover, the case should have never been removed to Federal court and should not be dismissed until the UHC's reasons for the claim denial have been uncovered. Therefore, I ask the Court to deny the Motion to Dismiss.

22.     I also ask the Court to rule favorably on the Request for Remand that would make this Motion moot.

//

I, Jackie Aubrey, aka Jackie Stapleton, declare under penalty of perjury under the laws of the United States of America the above is true and correct.

Dated this 22nd of March, 2025

_____
Jackie Aubrey, Plaintiff

Response to Reply in Opposition to Motion to Dismiss • Case No. 2:24-cv-03738-DAD-AC