# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE STAPLETON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA,<br><br>    Defendant. | Case No. 1:25-cv-00351-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF Nos. 5, 16)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Currently before the Court is Plaintiff Jackie Stapleton's motion to remand this matter to the San Joaquin County Superior Court (ECF No. 16) and Defendant United Healthcare Benefits Plan of California's motion to dismiss or, in the alternative, motion to strike (ECF No. 5). The Court finds these matters suitable for decision without oral argument. L.R. 230(g).

Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases are directly assigned to a Magistrate Judge only, with consent or declination of consent forms due within 90 days from the date of filing of the action. L.R. App. A(m)(1). This action has been directly assigned to a Magistrate Judge only. Not all parties have filed consent or declination of consent forms in this action. Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c)(7), and Local Rule Appendix A, subsection (m), the Court shall direct the Clerk of the Court to randomly assign a District Judge to this action.

Having considered the moving, opposition, and reply papers, the exhibits attached thereto, and the record, the Court recommends, for the following reasons, that Plaintiff's motion to remand be denied and Defendant's motion to dismiss be granted with leave to amend.

## I.

## BACKGROUND

On April 28, 2023, Plaintiff filed a Claim and Order to Go to Small Claims Court ("complaint") against Defendant in the small claims division of the San Joaquin County Superior Court ("State Court").[1] (See ECF No. 23-1 ("Compl.") at 2-7.)[2] Plaintiff alleges Defendant owes damages for its "refus[al] to pay for a necessary, required, and covered ambulance ride," which occurred on or around July 1, 2022. (Compl. at 3.) Plaintiff contends the bill amounts to $3,356.34 and has accrued interest in the amount of $649.21 (Id.) Plaintiff also requests damages for emotional distress, punitive damages, and costs of hiring a paralegal. (Id.)

On November 29, 2023, the State Court conducted a small claims trial in which Defendant failed to appear. (ECF No. 1 at 20.) Judgment was entered against Defendant in the amount of $4,356.34 principal and $75 in costs. (Id. at 20-22.) In or around July 2024, Defendant filed a motion to vacate the judgment due to improper service. (Id. at 23-24.) On August 12, 2024, the State Court granted Defendant's motion and set aside the judgment. (Id. at 30.) At the same hearing, Defendant waived service at the request of the State Court. (Id.)

On October 7, 2024, Plaintiff's brother-in-law[3] emailed Defendant on Plaintiff's behalf

---

[1] Although Defendant attached a file-stamped copy of Plaintiff's complaint in its December 26, 2024 notice of removal, the copy did not include any completed text fields. (See ECF No. 1 at 8-13.) Defendant filed a notice of errata on January 30, 2025, which purported to attach a correct copy of Plaintiff's complaint; however, that copy also omits any completed text fields. (ECF No. 8 at 5-10.) On March 28, 2025, Defendant filed a second notice of errata attaching a complete copy of Plaintiff's complaint. (ECF No. 23-1.) Any reference to Plaintiff's complaint herein shall be to that filed in Defendant's second notice of errata, ECF No. 23-1.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[3] Despite Plaintiff's complaint and various emails sent on behalf of Plaintiff claiming significant paralegal costs, Plaintiff explains her brother-in-law, a paralegal, has been assisting her "pro bono" by "typing and filling [*sic*] things for [Plaintiff]" and "talking to the attorney for [Defendant] as [Plaintiff] get[s] too nervous to speak with her." (ECF No. 12 at 1.) Should this action proceed beyond these findings and recommendations, Plaintiff is reminded that, when appearing in this Court, "[a]ny individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual…." L.R. 183(a).

offering to settle the action. (ECF No. 16 at 9-10.) Therein, Plaintiff's brother-in-law stated that "the requirement for transportation within network is only applicable to non-emergency transport (please see: page 5 of UnitedHealthCare Commercial and Individual Exchange, Medical Policy, Non-Emergency Ambulance (Air and Ground, effective 10/1/2023). The ambulance use in question was a clear and unequivocal emergency as defined on page 3, ibid." Id. (Unedited.) The email also opined that Defendant's "denial of coverage is outrageous." Id.

On December 4, 2024, Plaintiff's brother-in-law again emailed Defendant and noted that prior to December 4, 2024, Defendant had forwarded "the Certificate of Coverage." (ECF No. 1 at 47.)[4] The email also relayed Plaintiff's brother-in-law's understanding that:

> [A]n insurance company's "belief that the policy does not provide coverage" is not a basis to refuse a reasonable settlement offer. (Howard v. American National Fire Ins. Co. (2010) 187 Cal.App.4th 498 at 525.) Moreover, I believe the California Supreme Court has held an insurance company has a duty "to settle in an appropriate case although the express terms of the policy do not impose such a duty." (Comunale v. Traders & General Insurance Co. (1958) 50 Cal.2d 645.) It is not reasonable or good faith conduct for an insurance company to refuse to settle based on a "no coverage position." (Howard, supra, 187 Cal.App.4th at 531.)

Id. at 48 (unedited).

On December 26, 2024, Defendant removed the action to the Sacramento Division on the basis that it was not until the December 4, 2024 email from Plaintiff's brother-in-law that "it became clear in writing that [the action] is premised on purported obligations of Defendant, the administrator of the operative ERISA-governed plan, to issue benefits notwithstanding coverage and/or the reimbursement methodologies set forth in the plan." (ECF No. 1 at 4); see 28 U.S.C. § 1446(b)(3). Defendant therefore removed the action based on federal question jurisdiction as Plaintiff's apparent state law claim is completely preempted by Section 502(a) under the Employee

---

[4] Defendant proffers a redacted version of the December 4, 2024 email in its notice of removal. (See ECF No. 1 at 47-48.) Plaintiff provides unredacted copies of October 7, 2024 and December 4, 2024 emails between Plaintiff's brother-in-law and Defendant in support of her unsigned motion to remand. (ECF No. 16 at 7-10.) However, in her unsigned motion to remand, Plaintiff argues the redacted December 4, 2024 email filed by Defendant—the same email she attaches to her own motion—is inadmissible under Rule 408 of the Federal Rules of Evidence. (Id. at 2.) Because Defendant offers the December 4, 2024 email as a copy of the first "other paper" from which Defendant purportedly ascertained that the case was removable and *not* to prove the amount of Plaintiff's claim or for impeachment, the Court overrules Plaintiff's evidentiary objection to the redacted December 4, 2024 email. See Fed. R. Evid. 408.

Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). (ECF No. 1.)

On January 30, 2025, Defendant filed a motion to dismiss Plaintiff's complaint with prejudice, or, alternatively, a motion to strike Plaintiff's requests for extracontractual and punitive damages. (ECF No. 5.) Defendant also filed a request for judicial notice of the KPG Healthcare, LLC sponsored UnitedHealthcare Select Plus health benefits plan ("Plan") and supporting declaration. (ECF No. 6.) Because Plaintiff failed to respond to Defendant's motion, on February 20, 2025, the transferor court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (ECF No. 11.) On March 5, 2025, Plaintiff filed an opposition and responded to the order. (ECF No. 12.) On March 17, 2025, Defendant filed its reply. (ECF No. 18.) Without prior approval from the transferor court, Plaintiff filed a reply to Defendant's reply on March 23, 2025.[5] (ECF No. 19.)

On March 14, 2025, Plaintiff filed an unsigned motion to remand to the small claims division of the State Court. (ECF No. 16.) The same day, Plaintiff also filed a motion to transfer the action to the Fresno Division. (ECF No. 17.) On March 24, 2025, the transferor court found good cause existed to transfer the action. (ECF No. 20.) On March 28, 2025, Defendant filed its opposition to Plaintiff's motion to remand. (ECF No. 22.) Plaintiff did not file a reply and the time to do so has expired.

## II.

## LEGAL STANDARDS

### A.     Motion to Remand

A defendant may remove a matter to federal court if the district court would have original jurisdiction. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

---

[5] "After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval," absent one of two exceptions. L.R. 230(m). Plaintiff filed a sur-reply in the transferor court without requesting leave to do so. In this Court, sur-replies filed without prior approval are stricken upon filing. Due to the sur-reply being filed in another division prior to transfer, the Court will consider the filing. However, Plaintiff is cautioned that future sur-replies filed without prior approval will be stricken.

4

A notice of removal must be filed either: (1) within thirty days of receipt of the complaint, 28 U.S.C. § 1446(b)(1), or (2) "if the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3). A motion to remand is the proper procedure to challenge a removal. A motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). This thirty-day procedural time restriction does not apply to challenges of subject matter jurisdiction. Id. ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. However, "[a] corollary to the well-pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " In re NOS Commc'ns, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting Caterpillar, 482 U.S. at 393). "In cases of 'complete preemption,' a federal court has jurisdiction over such preempted claims even though they do not explicitly plead a federal question." Radford v. Aera Energy Serv. Co., No. 1:24-cv-00921-KES-CDB, 2025 WL 1064957, at *2 (E.D. Cal. Apr. 9, 2025).

Ultimately, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); see also Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). Thus, if there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

**B.     Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief." Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (cleaned up). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Dismissal is appropriate when the complaint lacks a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory." Saloojas, Inc. v. Aetna Health of Cal., Inc., 80 F.4th 1011, 1014 (9th Cir. 2023) (cleaned up).

## III.

## DISCUSSION

**A.     Plaintiff's Motion to Remand**

As a threshold matter, Plaintiff's March 14, 2025 motion to remand is unsigned. (See ECF No. 16 at 5.) Rule 11(a) of the Federal Rules of Civil Procedure requires that every written motion be signed by a party personally if the party is unrepresented. By presenting a signed written motion, the party is certifying that the motion is not being presented for an improper purpose, is not frivolous, and is supported by evidence. Fed. R. Civ. P. 11(b). Because Plaintiff's motion does not bear Plaintiff's signature, such certification was not made. "The Court must strike an unsigned motion unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). However, even if the pro se Plaintiff had signed her motion—or was otherwise granted leave to do so—and the Court proceeded to the arguments contained therein,

the Court would recommend denying her motion.[6] The Court shall therefore address Plaintiff's unsigned arguments that the action should be remanded because (1) Defendant failed to timely remove this action within the thirty days of being served with the complaint; (2) the Court lacks subject matter jurisdiction; and (3) the removal from small claims court violated public policy.

    1. <u>Plaintiff Waived Any Objection to the Timeliness of Defendant's Removal</u>

Plaintiff argues that Defendant waived service of the complaint at the August 12, 2024 hearing in State Court to set aside the previous entry of judgment. (ECF No. 16 at 2.) Accordingly, as Defendant was in receipt of her claim no later than August 12, 2024, Plaintiff contends Defendant's December 26, 2024 notice of removal was untimely filed outside the thirty-day removal period. (ECF No. 16 at 2 (referencing 28 U.S.C. § 1446(b)(1)).)

Defendant maintains Plaintiff's complaint does not, on its face, allege a federal claim. Rather, Defendant avers it was not provided clear notice of Plaintiff's legal contentions until the December 4, 2024 email from Plaintiff's brother-in-law. See <u>Dietrich v. Boeing Co.</u>, 14 F.4th 1089, 1095 (9th Cir. 2021) (explaining the thirty-day period for removal under 28 U.S.C. § 1446(b)(3) begins when an amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain.") Specifically, Defendant contends it only became clear that the operative ERISA-governed health benefits plan was central to Plaintiff's claim when the December 4, 2024 email stated that Defendant's " 'belief that the policy does not provide coverage' is not a basis to refuse a reasonable settlement offer," that "an insurance company has a duty 'to settle in an appropriate case although the express terms of the policy do not impose such a duty,'" and that it was not reasonable or in good faith conduct for [Defendant] "to refuse to settle based on a 'no coverage position.' " (ECF No. 22 at 4 (citing ECF No. 1 at 48).)

Plaintiff counters that she presented the same arguments in the December 4, 2024 email as

---

[6] Defendant argues Plaintiff's motion should be denied for a different procedural defect: Plaintiff failed to notice the motion for hearing on the motion calendar of the then-assigned magistrate judge in violation of Local Rule 230(b). The Court disagrees such violation is "sufficient basis for the Court to deny Plaintiff's motion." (ECF No. 22 at 3.) Rather, Local Rule 230(b) provides that "[m]otions defectively noticed shall be filed, but not set for hearing" and, upon notification of the defect by the Clerk, the moving party would file and serve a new notice of motion setting forth a proper time and date. Here, there is no indication the Clerk of the transferor court notified the pro se Plaintiff of the defect. Nor did the Clerk of this Court order either party to re-file notices for hearings regarding the pending motions. Also considering of Plaintiff's pro se status, the Court does not recommend denying Plaintiff's motion for failing to notice the motion on the calendar of the previous or currently assigned magistrate judge.

1 she did in an October 7, 2024 email. (ECF No. 16 at 2, 9-10.) In response, Defendant maintains "at no point did [Plaintiff] challenge [Defendant's] coverage position" in any communication with Defendant prior to the December 4, 2024 e-mail. (ECF No. 22 at 4.) Notably, Defendant does not address Plaintiff's statements in the October 7, 2024 email that Defendant's "denial of coverage is outrageous" or that she disagreed with Defendant's position that "it is not responsible for paying the cost of the ambulance ride because it was out of network." (ECF No. 16 at 9.) Instead, Defendant summarily concludes that whether Plaintiff's October 2024 correspondence sufficiently provided notice to Defendant about the application of ERISA is irrelevant. (ECF No. 22 at 4.)

The Court must agree with Defendant as Plaintiff's timeliness objection is itself untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal…." 28 U.S.C. § 1447(c). "Although [§ 1446(b)'s thirty-day] time limit is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (citations and quotations omitted). The Ninth Circuit has determined that a district court "ha[s] no authority to remand [a] case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal." N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995).

Here, Defendant filed its notice of removal on December 26, 2024. Plaintiff did not file her motion to remand until March 14, 2025, more than thirty days after Defendant removed the action. Nor did the pro se Plaintiff raise any timeliness objection with the statutory 30-day deadline in any earlier filing. Even if the Court agreed that the complaint or the October 7, 2024 email clearly implicated an employee benefit plan defined by ERISA, this Court lacks authority to remand an action based on an untimely objection to timeliness of removal. By failing to file the instant motion within thirty days, Plaintiff waived any alleged procedural defect in Defendants' notice of removal. Accordingly, the Court recommends denying Plaintiff's motion to remand on this basis.

    2.    <u>The Court Has Subject Matter Jurisdiction</u>

Plaintiff may move a district court to remand an action for lack of subject matter jurisdiction

at any time prior to entry of final judgment. 28 U.S.C. § 1447(c). Here, Plaintiff argues that the Court lacks subject matter jurisdiction because the amount in controversy is not met for diversity jurisdiction and there is no federal claim at issue. (ECF No. 16 at 2-3.)

As to diversity jurisdiction, Plaintiff argues this action should be remanded because the amount in controversy is $10,000, which is less than the $75,000 threshold requirement for diversity jurisdiction. (ECF No. 16 at 3); see 28 U.S.C. § 1332(a) (district courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."). The Court and Defendant agree with Plaintiff that the Court does not have diversity jurisdiction over this action.

Defendant instead contends that removal is proper based on federal question jurisdiction because Plaintiff's claim that Defendant "refuses to pay for a necessary, required, and covered ambulance ride" arises under ERISA, a federal law. (ECF No. 16 at 12.) Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U. S. C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1089 (9th Cir. 2002) (citations omitted). An exception to the well-pleaded complaint rule is if a cause of action is completely preempted by federal law. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). ERISA section 502(a) "is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" AETNA Health Inc. v. Davila, 542 U.S. 200, 209 (2004) (quoting Metro. Life Ins. Co., 481 U.S. at 65–66). Thus, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." Id.

Plaintiff's small claims complaint does not state what specific law Defendant allegedly violated by "refus[ing] to pay for a necessary, required, and covered ambulance ride" (Compl. at 2.) However, both parties appear to agree that the complaint raises only state law causes of action. For example, Plaintiff contends that her complaint does not allege a claim under ERISA, and she

is not seeking an ERISA remedy. (ECF No. 16 at 2-3.) She argues that this matter instead "is one of simple California law, public policy, contract law, and fairness." (Id. at 3.) Plaintiff further avers that Defendant's liability from the allegations in her complaint arises under "California's contract and insurance law." (ECF No. 19 at 4.) However, Plaintiff's complaint purportedly arising under state law may be recharacterized as arising under federal law if the law governing the complaint is exclusively federal. See Davila, 542 U.S. at 209.

Defendant argues Plaintiff's state law claims are subject to complete preemption under Section 502(a). "[A] state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 946 (9th Cir. 2009) (quoting Davila, 542 U.S. at 210). "The two-prong test of Davila is in the conjunctive. A state-law cause of action is preempted by [section] 502(a)(1)(B) only if both prongs of the test are satisfied." Id. at 947.

Applying the first prong of the Davila test, the Court finds Plaintiff could have brought this action under Section 502(a)(1)(B). Section 502(a)(1)(B) permits a civil action by a participant or beneficiary of an ERISA plan "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In support of its notice of removal, Defendant provided a declaration by an authorized representative of UnitedHealthcare Insurance Company and certain related affiliates and plans, such as Defendant. (Decl. of Jane Stalinski ("Stalinski Decl."), ECF No. 1-2). The Plan was attached to the declaration.[7] (ECF No. 1-2, Ex. A.) The representative

---

[7] In support of its motion to dismiss, Defendant requests that the Court take judicial notice of the Stalinski Declaration and the Plan attached thereto. (ECF No. 6.) Pursuant to Rule 201(b) of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Although Plaintiff generally notes she has not "had to the chance to challenge [the Plan], either in a trial or even in a discovery, nor examine the employee," Plaintiff does not specifically contest the Declaration nor the Plan's accuracy. (ECF No. 19 at 3; see also ECF No. 12 at 7.) As there is no specific dispute as to the authenticity of the Stalinski Declaration or the Plan, the Court takes judicial notice of them for purposes of considering the preemption issue. See Giannini v. Carpenters Pension Tr. Fund for N. California, No. C 14-05227 LB, 2015 WL 498726, at *3 (N.D. Cal. Feb. 5, 2015) (considering a declaration by a plan administrator, the plan, and the summary plan description in determining whether the plaintiff's state law claims were preempted).

1   states that Plaintiff participated in the Plan during the operative date of service and the Plan is
2   governed by ERISA. (Id. at ¶ 4-5.) The Plan's "Statement of [ERISA] Rights" attachment confirms
3   the Plan is administered in accordance with ERISA (id. at 184-87) and that the Plan was effective
4   during the July 1, 2022 incident date (id. at 186). Plaintiff does not dispute she was a participant
5   in the operative ERISA-governed Plan. (See ECF No. 12 at 2.) Instead, Plaintiff merely argues
6   she does not believe this is an ERISA issue. The Court is unpersuaded. The gravamen of Plaintiff's
7   state law claims is that Defendant is "avoiding their responsibility" by misclassifying the July 1,
8   2022 ambulance ride as one of non-emergency transport or as that undertaken by an out-of-network
9   provider and thus refuses to pay more than 20% of the cost of the bill.[8] (ECF No. 16 at 3; ECF No.
10  12 at 3-4.) In other words, Plaintiff filed this action to recover the cost of the ambulance bill that
11  she believes should have been covered in full under her ERISA-covered health insurance plan.
12  Plaintiff's claim is therefore plainly about a denial of benefits by Defendant that she now seeks to
13  recover through her state law causes of action. Accordingly, Plaintiff could have brought her claims
14  under Section 502(a)(1)(B).

15        The second prong of the Davila test is met "where there is no other independent legal duty
16  that is implicated by a defendant's actions." Davila, 542 U.S. at 210. "If there is some other
17  independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not
18  completely preempted under § 502(a)(1) (B)." Marin, 581 F.3d at 949. Here, Plaintiff seeks to
19  challenge Defendant's interpretation of the Plan, and its coverage determination related to the July
20  1, 2022 ambulance bill. Plaintiff's contention that Defendant's "mistake about classifying the type
21  of medical care I received is not an ERISA issue," but "a classification issue" does not give rise to
22  an independent legal duty. (ECF No. 19 at 3.) Rather, it is an example of where "interpretation of
23  the terms of [the] benefit plan forms an essential part" of the claim, and Defendant's legal liability
24  can exist "only because of [the] administration of ERISA-regulated benefit plan[]." Davila, 542
25  U.S. at 211. In such situation, state law legal duties are not independent of ERISA. Plaintiff has

---

[8] The *pro se* Plaintiff contends the document she attached to her opposition to Defendant's motion to dismiss is the document upon which she bases her understanding of Defendant's contractual duty. (ECF No. 19 at 3.) The Court notes Plaintiff attached to her opposition an Explanation of Benefits statement. (ECF No. 12 at 7.) Such document merely advises Plaintiff of the services paid and not paid by the Plan.

not pointed to any other independent legal duty implicated by Defendant's "refus[al] to pay for a necessary, required, and covered ambulance ride," and the Court independently finds none. (Compl. at 3.) Accordingly, the Court finds the second prong of the Davila test is satisfied.

Because both Davila prongs are satisfied, the Court finds that Plaintiff's state law claims arising under "California's contract and insurance law" are completely preempted by ERISA. Accordingly, Defendant's removal under Section 502(a) was proper and this Court has federal question jurisdiction.

### 3.   Plaintiff's Public Policy Arguments

Plaintiff argues Defendant's removal of her small claims case violated federal court public policy because such case exceeds the scope of cases that can be filed in federal court. (ECF No. 16 at 304.) As stated, the Court has federal question jurisdiction over this action. That this case began in small claims court or revolves around a "minor claim dispute[]" does not divest the Court of federal question jurisdiction. Plaintiff's description of a small claims court—"to allow *pro se* plaintiffs and defendants to have their day in court, each telling the judge their side"—is no different than the federal court process. Further, a primary goal of ERISA is "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan, 410 F.3d 1173, 1178 (9th Cir. 2005). Thus, the Court finds Plaintiff's public policy argument in support of remanding this action unavailing and recommends denying Plaintiff's unsigned motion to remand.

### B.   Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's complaint because her state law claims are preempted by Sections 502(a) and 514(a).[9] As discussed, the Court finds Plaintiff's state law claims for "refus[al] to pay for a necessary, required, and covered ambulance ride" are completely

---

[9] Defendant properly does not oppose remand under Section 514(a). See Marin, 581 F.3d at 944–46 (only the complete preemption doctrine under § 502(a) provides a basis for federal question removal jurisdiction; § 514(a) does not, as it only provides a federal defense.) Prior to Plaintiff's motion to remand, Defendant moved to dismiss pursuant to both Section 502(a) and 514(a). Conflict preemption under Section 514(a) is an affirmative defense arising when a provision of state law "relates to" an ERISA benefit plan. State law "relates to" an ERISA benefit plan if there is a connection with or reference to such a plan. Lodi Mem'l Hosp. Ass'n v. Tiger Lines, LLC, No. 2:15-CV-00319-MCE, 2015 WL 5009093, at *8 (citations omitted). The Court agrees that Plaintiff's claim, which is premised on Defendant's obligation to provide benefits to Plaintiff as a Plan member pursuant to the terms of the ERISA-governed Plan, relates to ERISA. Accordingly, the Court finds Plaintiff's state law claims are also preempted by Section 514(a).

12

1  preempted under Section 502(a). As Plaintiff alleges no other causes of action other than those
2  preempted, the Court recommends that Defendant's motion to dismiss be granted.

### C.     Leave to Amend

Courts freely grant leave to amend a complaint which has been dismissed. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Leave to amend generally shall be denied only if amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008). New claims are generally permitted if they are not proposed after undue delay and would not substantially alter the nature of the litigation or require the opposing party to prepare an entirely new course of defense. Powell v. Unum Life Ins. Co. of Am., No. 1:16-cv-01197-AWI-SKO, 2016 WL 8731383, at *3 (E.D. Cal. Sept. 30, 2016) (citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Plaintiff does not request leave to amend in either her opposition or her improper sur-reply. Nevertheless, "leave to amend should be given, even sua sponte, if amendment could cure a pleading defect." Unified Data Servs., LLC v. Fed. Trade Comm'n, 39 F.4th 1200, 1208 (9th Cir. 2022). Defendant maintains, without explanation, that Plaintiff's complaint should be dismissed with prejudice. However, the Court does not find granting leave to amend would cause undue delay, support any bad faith or dilatory motive, or would unduly prejudice Defendant. As to futility, the basis of Defendant's motion is that Plaintiff's claim fails *because* ERISA governs. Defendant expressly avers that "if Plaintiff has any claims to bring, she must do so under 29 U.S.C. § 1132(a)(1)(B)." (ECF No. 18 at 2). Allowing Plaintiff to allege a claim under ERISA at this stage in the proceedings does not appear necessarily futile. See Powell, 2016 WL 8731383, at *3 (affording leave to allege new ERISA claims after finding the plaintiff's common law claims were preempted by ERISA because they arose out of an alleged breach of ERISA plan obligations); Lodi Mem'l Hosp. Ass'n, 2015 WL 5009093, at *8 (permitting the plaintiff to file an amended pleading to plead only a federal ERISA claim rather than two preempted state law claims). Accordingly, the Court recommends that Plaintiff be afforded leave to file an amended complaint consistent with

these findings and recommendations if she believes she can do so in good faith.[10]

As a final note, should this case proceed beyond these findings and recommendations, the parties are reminded they must work together to resolve this action. "Judges in the Eastern District of California carry the heaviest caseloads in the nation." Rush Air Sports, LLC v. RDJ Grp. Holdings, LLC, No. 1:19-cv-00385-LJO-JLT, 2019 WL 4879211, at *1 (E.D. Cal. Oct. 3, 2019).[11] It is not a proper function of this heavily impacted Court to educate the parties on the applicable rules, nor will it mediate disputes resulting from the parties' failure to work cooperatively. The parties are strongly encouraged to resolve their disputes independently. In doing so, the parties are required to treat each other in a civil, professional, and respectful manner. Upon the Court's review of the entire record in this matter, the Court must advise the parties that contentious language directed towards the other is counterproductive to securing a just, speedy, and inexpensive determination of an action as contemplated by Rule 1 of the Federal Rules of Civil Procedure. The Court expects all parties, including those proceeding pro se, to be familiar with the Federal Rules of Civil Procedure, the Local Rules, and previous orders by the Court. See L.R. 183(a). The parties are advised that future violations of these Rules or a Court order may result in revocation of electronic filing privileges, stricken filings, or monetary sanctions.

## IV.

## CONCLUSION AND RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that:

1.  Plaintiff's motion for remand (ECF No. 16) be DENIED; and

2.  Defendant's motion to dismiss (ECF No. 5) be GRANTED with leave to amend.

---

[10] Should Plaintiff elect to amend her complaint consistent with these findings and recommendations, Defendant's argument regarding the unavailability of certain damages under ERISA is well-taken. See Bast v. Prudential Ins. Co. of America, 150 F.3d 1003, 1009 (9th Cir. 1998), as amended (Aug. 3, 1998) ("[e]xtracontractual, compensatory and punitive damages are not available under ERISA").

[11] The parties are reminded that Magistrate Judges are available to conduct case dispositive proceedings, including motions to dismiss, motions for summary judgment, a jury or non-jury trial, and entry of a final judgment. However, exercise of this jurisdiction by a Magistrate Judge is permitted only if all parties voluntarily consent. To consent or decline to Magistrate Judge jurisdiction, a party may sign and file the consent form available on the Court's website, at: http://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/. Parties may consent, decline, or withhold consent without any adverse consequences, and the assigned Magistrate Judge will not be informed of the individual party's holding or withholding of consent.

1 | These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court limited to 15 pages in length, including any exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:  **July 29, 2025**

STANLEY A. BOONE
United States Magistrate Judge