UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE STAPLETON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA<br><br>　　　　Defendant. | Case No.: 1:25-cv-0351 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO REMAND, AND GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Docs. 5, 16, 28)<br><br>ORDER DIRECTING THE CLERK OF COURT TO PROVIDE PLAINTIFF WITH A FORM COMPLAINT FOR A CIVIL CASE AND DIRECTING PLAINTIFF TO FILE ANY AMENDED COMPLAINT WITHIN 30 DAYS |

　　　　Jackie Stapleton initiated this action by filing a complaint against United Healthcare Benefits Plan of California in the small claims division of the San Joaquin County Court. Following removal, Defendant moved to dismiss the complaint, asserting that Plaintiff's state law claims are completely preempted by Section 502(a) of the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). (Doc. 5.) While the motion was pending, Plaintiff filed a motion to remand the matter to the San Joaquin County Superior Court.[1] (Doc. 16.)

　　　　The assigned magistrate judge issued Findings and Recommendations recommending that

---

[1] Plaintiff also filed a motion to transfer venue from the Sacramento Division to the Fresno Division, which the Court granted on March 24, 2025. (Docs. 17, 20.)

the Court deny Plaintiff's motion to remand and grant Defendant's motion to dismiss. (Doc. 28.) Specifically, the magistrate judge found Plaintiff waived any objection to the timeliness of Defendant's removal, because it was more than 30 days after removal. (*Id.* at 8.) The magistrate judge also found the Court has subject matter jurisdiction and removal was proper, because the state law claims raised "are completely preempted by ERISA." (*Id.* at 12; *see also id.* at 8-12.) Thus, the magistrate judge found the Court should dismiss the complaint. (*Id.* at 12-13.)

The magistrate judge noted that Plaintiff did not request leave to amend. (Doc. 38 at 13.) However, the magistrate judge determined leave to amend was appropriate, because "[a]llowing Plaintiff to allege a claim under ERISA at this stage in the proceedings does not appear necessarily futile." (Doc. 28 at 13 [citations omitted].) The magistrate judge recommended the Court grant Plaintiff "leave to amend to file an amended complaint consistent with the[] findings and recommendations if she believes she can do so in good faith." (*Id.* at 13-14.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 28 at 15.) The Court advised the parties the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither Plaintiff nor Defendant filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 29, 2025 (Doc. 28) are **ADOPTED**.
2. Plaintiff's motion for remand (Doc. 16) is **DENIED**.
3. Defendant's motion to dismiss (Doc. 5) is **GRANTED**.
4. Plaintiff's complaint is **DISMISSED** with leave to amend.
5. The Clerk of Court is **DIRECTED** to send Plaintiff a form complaint for a civil case.
6. Plaintiff **SHALL** file any amended complaint within 30 days of the date of service of this order.

///

**Plaintiff is advised that failure to file an amended complaint will result in dismissal of this action for failure to prosecute and failure to obey the Court's order.**

IT IS SO ORDERED.

Dated:   **August 21, 2025**

_____
UNITED STATES DISTRICT JUDGE