1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11

12 | JACKIE STAPLETON,     Case No. 1:25-cv-00351-JLT-SAB

13 |     Plaintiff,     FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION

14 |     v.

15 | UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA,     (ECF Nos. 28, 29)

16 |     Defendant.     **OBJECTIONS DUE WITHIN FOURTEEN DAYS**

17

18       Plaintiff is proceeding *pro se* in this action and has received permission to file electronically

19 pursuant to Local Rule 133(b)(3). (ECF Nos. 1, 15.) On August 21, 2025, the assigned District

20 Judge adopted in full this Court's findings and recommendations recommending granting

21 Defendant's motion to dismiss and denying Plaintiff's motion for remand. (ECF No. 29.) In its

22 order, the District Judge gave Plaintiff leave to amend but admonished Plaintiff that she is "**advised**

23 **that failure to file an amended complaint will result in dismissal of this action for failure to**

24 **prosecute and failure to obey the Court's order.**" (Id. at p. 3.) (emphasis in original). The

25 deadline for Plaintiff to file her amended complaint has now passed, and the Court will now

26 recommend that this matter be dismissed for failure to prosecute and failure to comply with the

27 Court's August 21, 2025 order.

28 / / /

1                                         **I.**

2                                    **DISCUSSION**

3          Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when

4   a litigant fails to prosecute an action or fails to comply with a court order.  See Fed. R. Civ. P. 41(b);

5   see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted);

6   Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he

7   consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule

8   41(b) sua sponte, at least under certain circumstances.").  Similarly, Local Rule 110 permits courts

9   to impose sanctions on a party who fails to comply with a court order, and the procedural rules that

10  govern this Court are to be "construed, administered and employed by the court . . . to secure the

11  just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

12         Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public

13  interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk

14  of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability

15  of less drastic sanctions.  See Applied Underwriters, 913 F.3d at 890 (noting that these five factors

16  "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833

17  F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record

18  because the district court did not make finding as to each).  But see Bautista v. Los Angeles County,

19  216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit

20  findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal

21  of pro se § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed

22  and reiterating that an explicit finding of each factor is not required by the district court).

23         Upon review of the above-stated factors, the Court finds dismissal of the action is warranted.

24  The expeditious resolution of litigation is deemed to be in the public interest.  Yourish v. California

25  Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to

26  efficiently manage its docket cannot be overstated.  Given Plaintiff has failed to respond to the

27  District Judge's August 21, 2025 order, the Court's time is better spent on other matters than

28  needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have

1  time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our

2  courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance

3  of district court's involuntary dismissal with prejudice of habeas petition where the petitioner failed

4  to timely respond to court order, noting "the weight of the docket-managing factor depends upon the

5  size and load of the docket, and those in the best position to know what that is are our beleaguered

6  trial judges"). Delays have the inevitable and inherent risk that evidence will become stale or

7  witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying

8  the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). The instant dismissal is a dismissal

9  without prejudice, which addresses the fifth factor.

10        In sum, this case cannot linger indefinitely on this Court's already overburdened docket. A

11  dismissal of this action for failure to prosecute and failure to comply with court orders is in accord

12  with Ninth Circuit precedent as well precedent governing Rule 41 dismissals. It appears Plaintiff

13  has abandoned this action, and Plaintiff's failure to respond to the District Judge's order warrants

14  the sanction of dismissal without prejudice under the circumstances.

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**II.**

2

**ORDER AND RECOMMENDATION**

3        IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice for failure

4  to prosecute this action and/or comply with the Court's order under Fed. R. Civ. P. 41 and Local

5  Rule 110.

6        These Findings and Recommendations will be submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days**

8  after being served with these Findings and Recommendations, Plaintiff may file written objections

9  with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure

11  to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson

12  v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394

13  (9th Cir. 1991).

14

15  IT IS SO ORDERED.

16  Dated:   **September 24, 2025**        _____

                                           STANLEY A. BOONE
17                                         United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28